Tilghman C. J,
. delivered the opinion of the Court.
This is an action of debt, brought by Samuel Moorhead, the plaintiff below, on a single bill given by Andrew Brown, the defendant below (and plaintiff in error,) to Abraham Sharra, and assigned by Sharra to the plaintiff. As plaintiff took this bill, subject, under our Act of Assembly, to every matter of defence, legal or equitable, which the defendant might have set up against the assignor, the dant, on the trial in the Court below, went into the consideration of the bill, and proved, by parol evidence, that it was given as part of the consideration ol a tract of land which he had purchased of Sharra. 'I he deed of conveyance of this land, from Sharra to the defendant, was given in evident, dated the 1st dav of March, 1816 ; after which, the defendant offered to give in evidence certain articles of agreement between him and Sharra, dated the 20th of February, by which articles, Sharra agreed, in consideration of the of three thousand dollars to be paid by the defendant m the manner therein specified, to convey to him the land before mentioned, and also to convey, or cause to be conveyed, to the defendant, “all the right, title, claim, and inteiest, that Josiah Moorhead and Abraham Cahill have to, a certain lot *570 of land whereon said Cahill now lives, containing about thirty acres.” To this evidence the plaintiff objected ; and the Court having rejected it, the defendant excepted to their opinion.
The three thousand dollars to be paid by the defendant, were the consideration, not only of the tract of land to be conveyed to him by Sharra, but also of the conveyance to be made to him of Cahill and Moorhead1 s right to the thirty acre lot. The defendant had a right to shew, what was the agreement between him and Sharra, and that the consideration had failed, in whole, or in part. But this he could not do, otherwise than by the articles of agreement. It was argued by the plaintiff’s counsel, that when the. defendant accepted a deed from Sharra, the articles of agreement were virtually extinguished. But this cannot be, because the deed from Sharra, was but a fulfilment in part of what he had covenanted to do by the articles. The other part, viz. the conveyance of Cahill and Moorhead's right to the thirty acre lot, remained to be done. . Until this was done, neither Abraham. Sharra, nor his assignee, could recover from the defendant the whole sum of three thousand dollars; nor, unless the agreement was laid before the Court and jury, would it be possible to decide, what would he the equity of the case between the parties to the present suit. I am of opinion, therefore, that the articles of agreement ought to have been admitted in evidence.
There was another exception taken by the defendant to the opinion of the Court, in admitting Abraham Sharra as a witness ; a release having been first executed to him by the plaintiff. The decision of the Court on this point was clearly right. The objection to the competency of the witness, was his supposed interest, in consequence of being liable to the plaintiff, on his assignment of the single bill, in case the plaintiff should not recover in this suit. But this interest, (if indeed he was liable) was removed by the release, and consequently, he. was competent. ’
There were, besides, several objections to the charge of the Court, upon which it is impossible for us to.form an opinion, because of the imperfect state of the evidence, which is not upon the record, and to which the President alluded in his charge. Under these circumstances, the Court cannot *571 say that there is error in the charge; but inasmuch as there is error, in not permitting the articles of agreement to be read in evidence, the judgment must be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.