The opinion of the court wal delivered by
Duncan, J.
Questions of the nature raised in this cause are very frequent. They depend each one on its own circumstances, and admit of no general rule for the government of all cases. As this case finally rested on the articles of agreement and conveyance, independent of, and without relation to the parol evidence, and as, in this view, it was an unmixed question of law, — was the construction of the court, as to the deduction for the deficiency of the quantity on actual measurement, the just construction in law?
The contract was executed by, the parties, the hand money paid, conveyance given, and bonds for the instalments, all of which were paid except the last one, on which the present action was brought
The articles of agreement describe the land, as “all his plantation in Lacle township, adjoining lands of David Beales and others. Reference being had to several deeds of conveyance to Frederick will show the metes and bounds. The whole tract contains two hundred and twenty-five acres and allowance; two hundred and one acres of which the said Frederick has a patent deed for, and the remaining twenty-four acres he will also get a patent deed for, in at least two years from this date, at his own expense.” This contract was entered into on the 24th of November, 1811, and the conveyance delivered on the 2d of April, 1812. The conveyance refers to the patent, — describes its boundaries, and is a conveyance of two hundred and twenty-five acres, be the same more or less. In 1823, it appears, on actual measurement it was found short twenty-acres and ninety perches. The deficiency is in the patented tract. These instruments afford no ground for saying, that the contract was to sell by the acre, as it should be ascertained afterwards by admeasurement. The description was by boundaries: the quantity mentioned is the exact number of acres mentioned in the official surveys to which it referred, and by the acceptance of the conveyance, the parties themselves put their own construction on it. The vendee could hold all the surplus lands within the boundaries without paying for it. I cannot see the equity, in his demanding a deduction because he does not get the estimated quantity. The equity should be equal. It is not a sound rule in equity, unless it will work both ways. Reciprocity is the true measure of justices *141 I cannot discover the slightest shade of difference between this case and Boar v. Moore’s Administrators, 1 Serg. & Rawle, 167. In that case, the plantation had been long settled, — the difference much greater. The deed referred, as here, to the origina! survey and conveyance, by which the title was conveyed to Moore. So the sale here was made with reference to the patent and conveyances to Frederick: the description was by boundaries; the purchase money a round sum, — sixteen hundred pounds. There was no mistake in the lines. The courses in the patent corresponded with the marks on the ground. If the deficiency arose from the mistake in the line and the value was estimated under the mistake of the boundaries, this would be a ground for relief, because the party did not get all within the boundaries, unless there is an express agreement to run the risk. 1 Munf. 330.
More or less, in a conveyance, sometimes will extend only to a small difference, sometimes leaves the quantity altogether indeterminate. It is common experience, that official surveys .generally overrun the quantity, and it is usual where lands are not sold by the estimated quantity in the survey, but by the measured acre, to provide for the admeasurement, and not to pay, or give bonds for payment, or to take a conveyance until that admeasurement is made: and where there is not such provision, and the official surveys are referred to, and a conveyance, according to the courses, distances and boundaries of the survey accepted and bonds given, I do not think in a common case, where the vendor could not recover for the excess, that the vendee is entitled to an allowance for the deficiency. For, in that ease, though the sale were even by the aere, I would consider' the vendee as agreeing to take it by the survey as fixing the quantity; and, where there is no fraud or concealment, that he is not entitled to any deduction. 6 Munf. 188. If fraud or deception had been used, or a concealment, the ease would have been different. Here there was ignorance on both sides down to 1823. If there had been any circumstance to have shown Frederick’s knowledge of the deficiency, the deduction ought to have been made. If the deficiency had been great in an improved farm, where a great part had been cultivated, this would be a circumstance from which the knowledge might have been inferred by the jury, and there might be extreme cases, where a court of chancery would grant relief, evidencing, ex natura rei, a misapprehension, where the deficiency would be so great, as at the first glance every man must say, there must have been a gross misapprehension or fraud. But this is a very different case. There is nothing in the writings to show that the parties intended any thing else than the sale of an entire tract, a plantation, for an entire sum, namely, sixteen hundred dollars; and the deficiency, considered singly, is not so great as to induce a chancellor to grant relief, on the principle of failure of the consideration. There is *142 no covenant that the quantity of lands shall equal the quantity mentioned in the patent, either in express terms or by implication. The case of Large v. Penn, (6 Serg. & Rawle, 488,) was much stronger than this. There the covenant was, that the vendor bargained and sold a certain piece of land, contained within certain metes and bounds, and stated the quantity was two acres and three quarters, whereas there was in fact but one acre and one hundred and forty-eight perches, but described it as the lot mentioned in the plan or map of the estate of Mr. Masters, (18 R. M. Penn.) Held, to be no implied covenant, that the land should equal the quantity mentioned in the deed. The description was by natural boundaries, by reference to the map, and by quantity. “ Quantity,” said the court, “ was the least certain of this triple description. The quantity is matter of calculation, and must yield to the others: be it more or less, it passes. There is neither an express or implied covenant, because the property is not introduced by way of covenant, but by way of description.” So, here, the sale was first made by reference to the conveyances under which the plaintiff held the land. Secondly, to boundaries. Thirdly, to quantity. What- might have been the effect of parol evidence, as to what took plaee at the time the conveyance was accepted and bonds given; whether it established the fact, that Frederick then declared he would warrant and defend the land to eontain two hundred and twenty-two. acres; that on the faith of that engagement the bonds were given, — was matter for the jury. But the court, considering that testimony so contradictory and dubious, that the jury might find it difficult to reconcile it, very propei’ly decided, that in that case recurrence must be had to the writings, and gave an opinion on the construction of the articles and deed, which, for the reasons I have stated, appears to me to have been erroneous.
But there was no error in admitting the evidence. It did not contradict the conveyance. It went to show, that the conveyance was not unconditionally accepted, nor the bonds given, but on condition the surveys contained two hundred and twenty-five acres. It was evidence to show the real design and views of the parties. It did not go to restrain and narrow the conveyance. It is a case, where the operation of the words “more or less,” is not so absolutely conclusive in itself, but that circumstances would give them different effects; the acts of the parties putting their own construction on their own contracts. I confine the evidence to what passed at the time of the conveyance accepted and giving the bonds. I confine them to that time, and to that subject matter, the condition on which the conveyance was accepted. The defendant might have proved the mode, manner, and conditions on which he took the conveyance. It was, in fact, a part of the resgestse, necessary to show the real character and design of the transaction; This ffomnovts with the s'U'ri-' »*.f the dccisicto in. Christ v. Deve *143 baugh, 1 Serg. & Rawle, 446. I never would yield my assent to carry the principle of receiving parol evidence further than that case. It went to the very verge and limits which should' circumscribe the reception of parol evidence. But the judgment is reversed for the error of the court in the legal construction of the written instruments, and a venire facias de novo awarded.