The opinion of the court was delivered by
Duncan, J.
This case comes up again, I think, in no material respect different. The deficiency of eight acres in a survey of four hundred and twenty-nine acres, is no more than a purchaser may reasonably expect. It is, however, unnecessary to decide, whether on articles executory the vendee would not be entitled to a deduction for this deficiency in an action on the articles, for that is not this case. It is an action of debt on the bond, where a conveyance had been accepted and bonds and mortgage given for the purchase money. There was nothing to be left to the jury. The bonds and *299 mortgage prove the acceptance of the conveji-ance. The man who executes a mortgagee to the vendor for the payment of the purchase money, must be presumed to have accepted the conveyance. There was nothing in the parol evidence to rebut this presumption — no allegation of fraud or concealment, or refusal to accept, or Conditional acceptance. The parol evidence fortified the presumption. It was, that the conveyance was delivered to Mitchell the day it v?as executed, to be recorded, and- that it was recorded according-ingly,; Mitchell declaring he would not lift the papers until the money was all paid, and, on the same day, he gave the bonds and mortgage. All were simultaneous acts. The conveyance, after being recorded, was given to the vendors to enable them to takeout the patent in Mitchell’s name, which was done accordingly. Mitchell did not refuse to receive back the papéis- on account of any deficiency in quantity or quality, for. it was not then known, or any defect of title, for there was none; but because, (and it is the reason assigned by himself,) he thought they would he as safe in McClelland’s hands as his own. . And they were so, for the conveyance was recorded, and the patent stood in his own name. If Mitchell was entitled to an abatement pro rata of these eight acres, I can see no good reason why, if he had received the money, he might not recover it back, when, at any time thereafter, the discovery should,be made, or why, if there was this small surplus, Mitchell might not be compelled to pay for it. If the law was so, it would prove a source of great disquietude and litigation. It is not so. The articles had discharged their office when the conveyance was accepted, and the bonds and mortgage given. There being no warranty as to quantity, the quantity would-be matter of description., not a covenant that the described land should contain the exact quantity to one acre or to eight acres, in a conveyance of four hundred acres. I do not speak of a deficiency to a great amount, entering from its magnitude into the very heart and essence of the contract; but these small quantities, deficient or exceeding, the deficiencies or surplus, which both parties, vendor and vendee, might naturally expect. The discovery of a deficiency was not until seven years after the sale, and possession, six years after the conveyance and mortgage, more than fifteen months after the last instalment became due, and six months after the greatest part of that instalment had been paid, and was made on a survey directed by a jury, or inquest on a writ of partition, and on running a line between this and other lands. I therefore think there was error in the court leaving it to the1 jury to decide whether there was any thing, any fact in the cause trying, to make it an exception from the general rule of law, that the conveyance and bonds conclude the. parties; because there was no evidence of any fact which could vary it from the common case, of the execution of the articles by accepting a conveyance and giving bonds and mortgage; any thing which would *300 leave the articles in full force, and thereby entitle the purchaser, in an action on the bonds, to an allowance for these eight acres, to be deducted from the bond, in the same manner as he might be in a suit on the articles.
Judgment reversed, and a venire facias de novo awarded.