———··➤➊ⓢ❋⟨ıı⟩—

## DRINKER *against* BYERS.

A guaranty of title, executed and delivered by a vendor to a vendee, is not merged in a subsequent deed of conveyance, which contains only a special warranty.

WRIT of error to the Common Pleas of *Centre* county.

This was a *scire facias* upon a mortgage, at the suit of *Thomas Stewartson,* surviving executor of *Henry Drinker,* against *Jacob Byers,* with notice to a terre-tenant. Issue was joined upon the plea of payment with leave, &c.

The mortgage upon which the suit was brought was given to secure the purchase money of land sold by *Drinker* to *Byers,* for which a deed of conveyance was executed and delivered, the 20th of February, 1793, and which contained a clause of *special warranty.* The defendant, to support the issue on his part, offered in

(Drinker *v.* Byers.)

evidence the following agreement or guarantee, which was in the hand-writing of, and signed by *Henry Drinker*, the plaintiff's testator. "It being represented to me by *John Nisely* and *Jacob Byers*, who have purchased two tracts of land of me, situate on *Bald Eagle Creek*, that a certain *Derrick Gonsalus* makes some pretentions to part of the said two tracts; although I am well persuaded he has no just claims or right to any part of the said land; yet for the satisfaction of the said *Nisely* and *Byers*, I hereby engage that I will be answerable to them for any claim or demand of the said *Gonsalus;* that if it should appear hereafter there is any justice in his claim, I will indemnify and save harmless the said *Nisely* and *Byers* on that account. *Philadelphia,* 1*st Month,* 31*st,* 1793." And offered to follow this up by proof, that actions of ejectment were brought upon the title of *Gonsalus* for the same land, upon which a large portion of it was recovered from the present defendant; and that in defending said ejectments, he expended large sums of money; which, together with direct payments, amounted to more than the purchase money secured by the mortgage, after deducting the value of the land actually lost.

This evidence was objected to, on the ground that the paper offered in evidence was prior in date to the execution of the deed of conveyance and mortgage, and was therefore merged in them; and that the eviction of the defendant from part of the land, could not be given in evidence, because the deed from *Drinker* to him contained only a *special warranty.* The objection was over-ruled, the evidence admitted, and the court sealed a bill of exceptions, at the instance of the plaintiff.

*Potter* for plaintiff in error.

*Blanchard* for defendant in error.

The opinion of the court was delivered by

KENNEDY, J.—The only question which arises in this cause is, whether the agreement of indemnity executed by *Henry Drinker*, on the 31st of January, 1793, a few days before he executed the deed of conveyance, with special warranty for the lands, to the defendant, was extinguished by the defendant's acceptance of a deed afterwards, on the 20th of February following.

It has been contended by the counsel for the plaintiff, that as the promise of indemnity of the 31st of January, 1793, was collateral to the purchase of the lands, and as deeds of conveyance with special warranty were made by the vendor, on the 20th of February following, and accepted by the defendant without objection, it was thereby merged, according to the rule and principle laid down in *Share* and *Anderson*, 7 *Serg. & Rawle,* 43. The principle de-

(Drinker *v.* Byers.)

cided in that case is, that collateral parol promises, made by the vendor on the execution of articles, or of a deed, to indemnify the vendee against incumbrances, were merged in a deed given afterwards, containing a warranty against the same incumbrances; and that they could not be taken advantage of in a suit for the purchase money, when they were not alleged as proofs of fraud. Now, in the case before this court, although the promise of indemnity by the vendor to the vendee was collateral, and in writing, yet no covenant of indemnity or warranty was given in the deed against the same claims or incumbrances, as in the case of *Share* and *Anderson,* and therefore this case does not fall within the principle of that. It cannot be said in this case, as it was in that, by the present *Chief Justice,* who delivered the opinion of the court, that the vendee can have redress for the loss of the land upon any covenant contained in the deed, because none is to be found there which will meet the injury which has arisen to him. The promise of indemnity, however, embraces it exactly.

In the next place, it has been insisted on, that the execution and acceptance of the deed of conveyance was a consummation of all previous agreements between the parties relating to the purchase of the lands. That this collateral promise of indemnity was thereby waived, and that the vendor was discharged from his obligation under it. It is certainly true that when articles of agreement for the sale of land are carried into execution, by a conveyance from the vendor and bonds from the vendee, the contract, in general, is considered as closed, unless in extreme cases, showing *gross* misapprehension or fraud. *Bailey* v. *Snyder,* 13 *Serg. & Rawle,* 160. *Seitsinger for Drinkel* v. *Weaver,* 1 *Rawle,* 384. *Crotser* v. *Russell,* 9 *Serg. & Rawle,* 78. *McKennon and Henderson* v. *Doughman,* 1 *Penn. Rep.,* 417. This, however, is but a general rule, to which there are exceptions; see *Brown* v. *Morehead,* 8 *Serg. & Rawle,* 569, and is founded merely on presumption, which may, as I apprehend, be rebutted by circumstances or parol evidence. In the case of *Frederick* v. *Campbell,* 13 *Serg. & Rawle,* 136, parol evidence was held admissible to show that at the time the deed was executed, the vendor declared to the vendee, that he had a good title to two hundred and twenty-five acres, and would warrant that quantity of land, the deed containing no such covenant or warranty. In the present case, although the promise of indemnity does not appear to have been made at the time of executing the deed of conveyance, yet its date is only three weeks anterior, and would appear from its terms, to have been made some time *after* the agreement for the sale of the land. This promise of indemnity was made in writing and delivered to the vendee; it is still retained by him; not delivered up to the vendor at the execu-

(Drinker *v.* Byers.)

tion of the deeds, as would most likely have been done, had there been any understanding or agreement between the parties at that time, that the vendor was to be no longer bound by it.   It might perhaps therefore be reasonably inferred, that the vendee, having received this promise of indemnity but a few days before the deed of conveyance, relied upon both as his security; and was induced thereby to give his bonds and mortgage for the payment of the balance of the purchase money.   But what seems to confirm this inference, and put it beyond a doubt, is the conduct of *Henry Drinker*, the vendor subsequently, and as long as he continued to live, in employing and paying counsel for defending the suits which were brought afterwards against the vendee to recover the land, or a part of it, upon the same right against which he had given this promise of indemnity.   This can only be accounted for upon the principle, that he still considered himself bound to indemnify and defend the vendee, notwithstanding he had accepted of a deed of conveyance from him, without any such covenant.   It is a practical construction of what was the understanding and agreement of the parties, in regard to this matter, which seems to demonstrate the correctness of the determination of the cause in the court below.

Judgment affirmed,