# Byers *against* Mullen.

In an action of covenant upon an agreement for the purchase and sale of land, in which it appeared, that the vendor has executed and delivered a deed of conveyance, and receipt for the purchase-money, in pursuance of his covenant, it was held, that he is not thereby precluded from a recovery, upon proof, that the vendee had not complied with the covenant on his part, by payment of the consideration.

*Quere:*—Whether in an action to which the personal representative of a deceased debtor, whose estate is insolvent, is a party, a creditor of that estate is a competent witness.

ERROR to the common pleas of *Bedford* county.

This was an action of covenant by George Burd, surviving ex-

ecutor of Frederick Byers, deceased, against George Mullen, upon an article of agreement for the purchase and sale of several tracts of land.

At the outset of the trial, it appeared that Byers, the vendor, had executed and delivered a deed, with general warranty for the land sold by him, which contained a receipt for the purchase-money; and was a full compliance on his part; and in this action he sought to recover from the vendee upon a breach of the covenant on his part, in not complying with its terms, by the payment of the consideration-money.

The court below was of opinion, that the execution and delivery of the deed and acknowledgment of the payment of the purchase-money by the vendor, was an extinguishment of the articles of agreement, and conclusive evidence, that the purchase-money was paid or security taken for it, and therefore rejected all evidence of a breach by the vendee.

This opinion was assigned for error.

*Cline*, for plaintiff in error, cited 16 *Serg. & Rawle* 195; 5 *Watts* 442; 2 *Penn. Rep.* 530; 8 *Serg. & Rawle* 569; 3 *Rawle* 346; 3 *Whart.* 325; 4 *Watts* 405.

*Barclay*, for defendant in error, cited 1 *Stark.* 105; 3 *Watts* 110, 124: 7 *Serg. & Rawle* 60; 10 *Johns.* 297.

The opinion of the Court was delivered by

HUSTON, J.—Frederick Byers and George Mullen on the 30th of October 1818, entered into articles of agreement, by which it was stated that Byers had sold to Mullen a certain tract of land, describing it, for the sum of 6500 dollars, to be paid as follows:—" The said Frederick is to take a plantation, which the said George bought of David M'Vicker, containing 211 acres, at three thousand dollars, with a clear deed clear of all incumbrances; with full possession on the first of April next, and an improvement right for a place or tract of land, whereon Thomas M'Gibbons lives, for 400 acres more or less, for 1000 dollars; with an exception, if the said George pays the 1000 dollars within eighteen months from this date. The said George is to have the last place for one year, and the new ground for two crops, by putting a good fence round all the cleared land, staked and ridered at least eight feet high. The said George is also to pay 2500 dollars, money to be paid, all which appears due after our settlement on the judgments, and the remainder to myself if there is any coming; if not the said Frederick is to pay himself," &c. &c.

This suit was an action of covenant on these articles of agreement, in order to recover this sum of 2500 dollars, or so much of it as had not been paid on judgments against Frederick Byers. This case in one shape or another, has been in this court before; as no

evidence was received by the court below, we can only say it was stated that Frederick Byers was much indebted, and property of his was sold by George Mullen, then sheriff of Bedford county, to an amount exceeding 6000 dollars. It being supposed that some judgments would not be satisfied by that sale, it was provided by the above article, that George Mullen was to apply part or the whole sum of 2500 dollars to discharge such judgments, and it is charged that he did not do so.

The plaintiff, to show compliance with the contract on the part of Byers, showed from the recorder's office, a deed from F. Byers to George Mullen, for the tract he was to convey, dated 14th January 1819. In this deed, and at the foot of it, was a receipt for the 6500 dollars, in full of the consideration.

The plaintiff then called Peter Moury, and by him offered to prove, that after the execution and delivery of the above deed, George Mullen stated to the witness, that he, Mullen, still was bound to pay off certain judgments which bound the land, &c. Defendant called a witness, and by him, and by other evidence, proved, that the estate of Byers, who was dead, was indebted to the father of the witness, also deceased, so that Byers' estate was indebted to the witness as one of the heirs, and that witness had said in his father's lifetime, that the only hope of getting paid by Byers' estate, depended on the success of this suit, and objected to the witness; it was admitted, the estate of Byers was insolvent. The witness then executed a release, but was still rejected by the court. It is understood, not because of informality or defect in the release, but on the ground, presently to be stated, as reason for rejecting other testimony. On examining authorities, as to whether a creditor of a suitor may be a witness to increase the funds of his debtor, it would seem the law is not clearly settled, either in our own courts or elsewhere; general positions are found stated by judges and writers, some of which would admit, and others would exclude such witness; I should incline to admit him, unless he had some contract or agreement to receive a part of the money sued for. Where the money, as in this case, goes to an executor who is bound to apply it in a legal course of administration, the interest of the creditor is not direct; it may or must depend on one or more contingencies; but it is not necessary to decide this now; we see no objection after the release.

Plaintiff then called a witness to the deed above mentioned, who could not recollect whether any bonds or other writings were executed at the same time or not; and also called some witnesses who were not objected to, to prove acknowledgments by Mullen, that he was bound to pay off certain judgments against Byers,—this long after the deed.

The plaintiff then offered to show that certain judgments existed on the docket of the court of common pleas of Bedford county against Frederick Byers, at the date of the argument, and to follow

[Byers v. Mullen.]

it up by showing how those judgments had been satisfied, and that they were not satisfied by George Mullen, the defendant, according to his agreement with the plaintiff, but have been chiefly or altogether paid out of the proceeds of the sales of Frederick Byers's property by the sheriff, made since the deed.

This being objected to, the court decided, that the deed of conveyance from Byers to Mullen, without noticing the judgments used with general warranty, raises a legal presumption, that the articles of agreement, on which this suit is brought, are extinguished, and that the money had either been paid or security was taken for it. That the evidence given of the admissions of Mullen, made afterwards, that there were judgments on the property which he was to pay, did not rebut nor tend to rebut this presumption, because the security which, it is presumed, was taken, would properly be a bond, covenant or engagement of some kind, to pay the judgments; the court therefore reject the said evidence. To this exception was taken.

Then followed four or five other bills of exceptions, to offers made to show by the records and executions and receipts, that G. Mullen had paid in 1820 one of these judgments, or at least 154 dollars and 92 cents on it; also to prove that G. Mullen had paid a judgment of Jacob Bossert against F. Byers after receiving his deed.

Also to prove that G. Mullen, sometime after receiving his deed from Byers, offered to convey the M'Vicker tract, and did convey it by direction of Byers to Moury.

Also to prove that, as late as 1833, Mullen offered to convey to Mr Burd, the executor of Byers, the tract mentioned in the articles of agreement as held by improvement, and some other things, all tending to the same effect, and all rejected on the same ground, as is understood, as mentioned above.

We find in Smith *v.* Evans, 6 *Bin.* 102, a decision, that on articles for the sale of three tracts as containing 991 acres, and afterwards without asking a survey, accepting a deed for the same three tracts, and giving bonds and mortgage for the price, the argument so far as respects *quantity* is closed, both parties consenting to take the chance as to quantity.

And we have a succession of cases all arising as to *quantity*, and all decided in the same way; but, in some or all, with the restriction that there is no fraud, or not so great a difference in quantity as to show there must have been mistake.

In 9 *Serg. & Rawle* 78, it is laid down, that a conveyance executed in pursuance of articles, is to be considered as the final agreement of the parties, where it varies from the articles, if there is no fraud or misconception.

Of course if there be fraud or misconception it would be otherwise; and this is always proved by circumstances or parol evidence.

In 13 *Serg. & Rawle,* the above doctrine, that the deed was to be considered the final conclusion of the matter, as to quantity, yet that this presumption ought to be rebutted by parol evidence. The cause went back.

In 14 *Serg. & Rawle* 296, it came up again and on parol evidence, the defendant had an abatement of money for the quantity deficient.

In Baily *v.* Snyder, 13 *Serg. & Rawle* 162, it is again said the deed is conclusive only when all is fair.

There is another class of cases in which, by the articles, other things are to be done, besides executing a deed; and in 8 *Serg. & Rawle* 569, we find it decided, that when the deed is only the *fulfilment in part* of the articles, they are not merged in the deed, though it is executed and delivered and accepted. The common pleas had refused to admit the articles of agreement in evidence. This court say, by the then chief justice, " until the articles were laid before the court and jury, would it be possible *to* decide what would be the equity of the case, between the parties." This case is fully recognised by the present chief justice. 1 *Rawle* 385. Now reading the articles does not decide whether they have been complied with. The non-compliance, the breaches are proved by other evidence, and whatever will prove breaches, must, if otherwise legal testimony, be admitted.

I shall cite but one more case, Lee *v.* Deem, 3 *Whart.* 325. That case considers the subject deliberately—the agreement, though in writing, was not under seal—a deed had been made and accepted, and bonds and a mortgage given, and these paid. After all this, the vendee sued and recovered, because the deed was not a compliance with the agreement. The position that the deed must be taken as the final agreement of the parties, and that it put an end to all previous agreements, was urged; and it was shown that a small want of confidence between the parties would have detected and prevented the frauds; but this court approved of and confirmed the decisions and judgment of the district court, and there was a recovery of more than one half of the price of the land.

There was a time when a paper under seal was, in a court of law, as sacred as a record; nothing could be averred against it, except that it was not the deed of the party, or that the execution was procured by fraud or imposition. It was found that this was productive of great injustice, and when to this was added that nothing but a strictly literal compliance could be pleaded against it, a court of chancery interfered and granted relief wherever, in equity and good conscience, it ought to be granted—the civil jurisdiction of chancery was originally founded on this. Without the interference of chancery, says Lord Redesdale, the common law would have become an intolerable grievance.

By acts of parliament and other causes, some changes have taken place in courts of law in England. The absence of a court of chan-

[Byers v. Mullen.]

cery and long usage have given to our courts authority to inquire into the truth and justice of the case.   Unless all the business of all the world is to be evidenced by writings, and all fraud, mistake or imposition in those writings or in the compliance with them, is to be rejected, we must, to attain justice, receive evidence of what was done and said when it was doing and of what was not done; and these matters, like all other facts, may be proved by those present or by other writings or confessions of the party.

But in this case the deed given in evidence shows, that Byers performed his part of the contract, but says nothing and proves nothing as to whether Mullen performed his or any part of it.   That Mullen had performed his may be presumed, because a man of sense would not, in ordinary cases, deliver a deed unless on consideration performed or secured; but this is only presumption, and, like other presumptions, may be removed by proof how the facts were; besides, in this case, the argument shows that much might or must be done by Mullen after he got his deed.   It was to be ascertained what judgments against Byers would remain unsatisfied after applying the proceeds of the property sold by Mullen as sheriff.   Mullen was then to pay off those judgments, or twenty-five hundred dollars towards them; and, if they did not amount to so much, he was to pay the balance to Byers.   The articles do not purport that all this was to be done before or at the execution of the deed by Byers.   It is not within the letter or meaning of the articles, that the delivery of a deed by Byers should be the final completion or evidence of the final completion of this complicated contract.   To consider it so would be contrary as well to the plain expressions as the evident meaning of the parties.   I do not mean to say whether the conduct of Mullen has been fair or not, but; if it has not been fair, every principle of law and equity will concur in permitting the other party to prove wherein he has failed on his part.

The last case cited is, in every respect, stronger than this.   The plaintiff has a right to prove in what respects Mullen has failed to perform his part of this contract, and to recover against him unless he can prove compliance on his part, or some justification of his refusal to comply; and, under the terms and meaning of the article of agreement, the delivery of the deed only proves that Byers has performed his part, but it in no respect interferes with proof, if such can be made, that Mullen has failed in whole or in part to perform what he agreed to do in satisfaction of his engagements to Byers.

There was error in rejecting the evidence mentioned in the several bills of exceptions.

Judgment reversed, and a *venire de novo* awarded.