Comstock, J.
The theory of the suit is distinctly that the plaintiff was induced to purchase the land by the false and fraudulent representations of the defendant in respect to the quantity which the tract contained. There is in the complaint no averment of mistake on either side, much less of mutual mistake. The judge who tried the cause found there was no fraud, but granted the relief prayed for solely on the ground that both parties acted under an innocent mistake. On this ground I should have great difficulty in upholding the judgment if the objection had been properly taken at the trial. The case shows that when the plaintift rested, the defendant moved for a dismissal of the complaint on the ground that no false or untrue representation had been made, and that no cause of action was made out. The ground thus taken simply asserted the actual truth of any representation proved to have been made by the deféndant, and did not suggest that, although it might be untrue, there was no fraud. The general proposition, that no cause of action was made out, referred of course to the facts as proved, and did not call for a decision upon the question whether there was in the language of the Code, “ a failure of proof” of the special case made by the complaint. In short, the ground taken was, that upon the facts as they were proved the law would give no relief.
*148 There was also a general exception to the final decision of the judge “ as well upon the facts as the law of the case that the plaintiff was entitled to recover.” But the case nowhere shows that his attention was called to the objection that the case proved was not such as the plaintiff had stated in his complaint, and the general exception clearly does not present any such question. Where the trial is by the court, an exception may be made within ten days after notice of judgment. (Code of 1851, § 268.) But if the exception so made is general, as it was in this case, I think it only raises the question whether upon the facts as found the law has been properly decided, and that it does not present for tke consideration of an appellate court a special objection on the ground of variance between the complaint or answer and the proof. The case should show that such a ground was taken at the trial and overruled.
Upon the merits of the controversy the case is quite simple in its facts. The land in question is situated in the city of Brooklyn; and being valuable only for division and sale as city lots, its value is precisely in proportion to the quantity. In consideration of the gross sum of $14,000, of which $1000 was paid down, the defendant agreed to convey the land to the plaintiff, describing it as “ the premises conveyed to him by Samuel T. Roberts” by deed dated about nine months previous. The deed of Roberts contained a definite description by metes and bounds, and stated the quantity to be “ about nine acres, more or less,” excepting a certain parcel of one acre and six perches. The quantity in fact is only about half as much as the deed asserted. The plaintiff, in agreeing to purchase the tract at the sum named, acted under a mistake which affected the price nearly one-half, and the judge has found that the seller was mistaken also. The defendant was guilty of no fraud, and it does not appear that he made any representations as to the quantity except the exhibition of the Roberts’ deed, and of a diagram made by himself or his agent which had upon it *149 8 memorandum stating thus: “ The deed calls for nine acres less one acre and six perches sold.” The plaintiff, before he agreed to buy, saw the land, and its boundary lines were visible. The city surveyor, however, and another witness testified that they could not judge by the eye how much land there was. The judge has found that the actual quantity was substantially and essentially less than the plaintiff supposed he was purchasing; and although the finding does not so state in terms, there can be no difficulty, I think, in affirming that if the true quantity had been known, the contract would not have been made. The agreement has never been consummated by a conveyance. These are the only essential facts in the case.
The counsel for the defendant is obliged to contend, and be does contend, that mere mistake as to the quantity of land affords no ground of relief against a contract in the terms of the present one, however serious such mistake may be, and although we can readily see the contract would never lave been made if the quantity had been made known. The convenience of such a rule has been insisted on, and in the denial of justice it certainly has the merit of simplicity. If the doctrine is true as broadly as stated, then there is one class of contracts to which the settled maxim that equity will relieve against mistake can have no application. Upon a careful examination of the cases cited, as well as upon principle, my conclusion is that agreements of this description are not necessarily proof against the maxims which apply to all others. There is some obscurity attending the general subject, and therefore a brief review of the leading cases cited in support of the doctrine contended for would seem to be proper. In the case of Mann v. Pearson (2 Johns, 37), the action was upon a bond conditioned, to convey to the plaintiffs a.certain lot of land containing six hundred acres. The lot was situated in the military tract, which had been surveyed into lots under public authority, and a map exhibiting the divisions had been filed in the office *150 of the secretary of state. Before the suit was brought the defendant had conveyed the lot according to the condition of his bond. The deed described the lot and stated the quantity of land to be six hundred acres, “be the same more or less.” On an accurate survey the lot was found to contain only four hundred and twenty-one acres. The plaintiff claimed to recover the value of the deficiency in a suit on the bond ; but the decision was against him oh the obvious ground that a bond or covenant to convey a known and definite lot of land was satisfied by a conveyance of the lot without regard to the number of acres. The question of course was one of construction purely in a court of law, and not one of mistake in a court of equity. The court had only to determine what the obligation meant according to its terms, and not. whether any of the parties were entitled to be released from it on equitable grounds. The case of Jackson v. Moore (6 Cow., 706) has quite as little to do with the question. That was an action of ejectment, and the only point decided, supposed to have any bearing upon the present case, was that a conveyance of a certain township of land, describing its size and the number of acres, , carried to the grantee the whole township, although its area was in fact two miles greater in one direction than the description stated. The question of rescisión or of compensation upon equitable grounds for the additional quantity of land was of course not involved. This case and that of Mann v. Pearson are the type of a class of cases sometimes cited, very in appropriately I think, as authorities against equitable relief on the ground of mistake. The case of Marvin v. Bennett (8 Paige, 312, and S. C. on appeal, 26 Wend., 169) arose in equity. The contract of sale had been consummated by a conveyance, and a mortgage had • been given back for the purchase money. The plaintiff claimed by his bill to rescind the sale on account of a small deficiency (less than one-eighth) in the quantity of land. The premises were a lot in the village of Buffalo. The deed des *151 cribed it by metes and bounds, but did not specify the dimensions or quantity. It conveyed the lot, “ more or less.” In regard to misrepresentations outside of the conveyance, the vice-chancellor, Gardiner, not only held there were none, but he was of opinion that the parol evidence, showed that “the risk as to the quantity of land constituted one of the elements of the agreement,” “ and this fact,” he added, “ will be found to constitute the essential difference between this case and those which have been cited.” The chancellor affirmed the decree upon the whole case, laying considerable stress upon the circumstances that the sale had been actually consummated by a deed, that the alleged deficiency was small, that the words “ more or less” were inserted upon deliberation, and that the grantor distinctly refused to insert the dimensions or quantity of the lot in the deed after a negotiation on that subject. The decree was again affirmed in the court of errors, substantially on the same grounds on which it was decided before the vice-chancellor, Justice Cowen observing in substance that fraud was not alleged, and the proof only created a doubt whether there was any mistake. The president of the senate also observed that no fraud was established or mutual mistake such as to justify the interposition of a court of equity. In Veeder v. Fonda (3 Paige, 94), the purchaser at a master’s sale was relieved from completing his purchase on account of an .intentional concealment of the true quantity of land. In deciding the case on that ground, the chancellor made some observations quite unnecessary to his decision, but which will be found, on examination, by no means to deny that a purchaser can, in any case, be relieved from his contract on account of mistake as to quantity, especially where there is any element of misrepresentation, whether fraudulent or not. In the case of The Morris Canal Company v Emmett (9 Paige, 168), which was a bill to foreclose a mortgage given for the purchase money, the defendant claimed a deduction on account of a small deficiency of five feet in seventy-five, in one of *152 the lines of a city lot. The sale was for a gross sum, and the dimensions of the lot were specified in the deed with the words “ more or less.” The allowance was denied. It does not appear from the case that there was any allegation or proof of mistake, and the decision, therefore, may well stand on the simple ground that compensation is not due for a mere deficiency alone, when the purchase is of such" a character. The chancellor observed that there was no allegation or proof that the price to be paid had any reference to the actual depth of the lots. The absence of such a fact would be, clearly, fatal to the claim for relief against such a contract. In the course of his' opinion, however, the chancellor stated the rule in such cases to be, that, when there has been no fraud or misrepresentation, the purchaser is neither liable for a surplus nor entitled to a deduction on account of deficiency. The rule, as he thus states it, is perhaps not hostile to the relief asked in the present case, inasmuch as it admits that a mere misrepresentation may be a ground of relief. But the remarks were unnecessary to the decision, and the authorities which he cites plainly show that they were not made upon deliberation. One of those authorities is Mann v. Pearson (2 John., 37), already noticed, which, as we have seen, is entirely foreign to the question ; and the others belong to the same class.
The case in this court of Faure v. Martin (3 Seld., 210) throws no light upon the question. There the agreement was to sell a certain farm, described as “ containing ninety-six acres, be the same more or less,” at the price of $60 per acre. The contract was afterwards consummated by a conveyance describing the quantity in the same manner, and a mortgage taken for part of the purchase money, computed on the number of acres specified, at $60 per acre, precisely according to the agreement. The actual quantity was ascertained to be only eighty-six acres, and the suit was •'brought to stay the foreclosure of the mortgage, after tendering the amount due, with a deduction for the deficiency *153 The plaintiff offered to prove there was a mistake in respect to the quantity, induced by the false and fraudulent representations made, both when the agreement and the deed were executed. But the fatal objection to the proof and to the suit was, that the complaint alleged neither mistake nor ' fraud in the agreement, leaving the question one of construction purely, and the construction was held to be that the sale was in bulk, and that the number of acres and the sum to be paid per acre were specified only as a mode of arriving at the price in gross. The proof offered was rejected distinctly on the ground that it was inadmissible under the pleading, and on that ground the cause was decided. I need not say that the construction of a contract is one thing, and the question whether it should be rescinded, or relief granted against it on the ground of fraud or mistake, is quite another.
I have thus far noticed the cases in this state as most appropriate for us to follow, if they furnished the simple and comprehensive rule against relief, which the appellant is obliged to contend for. It must, I think, be quite evident that they afford no such rule. Hof do I find that such a rule has ever been established in this country or in England. Sir Edward Sugden has stated the English cases with great precision and accuracy. (1 Sug. on Vendors, 525, 526, marginal page.) As the result of the cases, he lays down the rule cautiously in the following terms : “ Where the contract rests in fieri, the general opinion has been that the purchaser, if the quantity is considerably less than it was stated, will be entitled to an abatement, although the agreement contains the words more or less, or, by estimation.” Upon this authority, without a more special notice of the adjudged eases, it is safe to affirm that the comprehensive doctrine contended for has never been established in the English courts. In this country, looking beyond the courts of this state, the decision which leans more decidedly than any other in favor of the doctrine insisted upon, is *154 that, of Stebbins v. Eddy, in the circuit court of the United States. (4 Mason, 414.) In that case the original contract was for the sale of a farm, at $50 per acre. After-wards conveyances were given, in which the land was described by metes and bounds, and as containing forty-seven and a half acres, more or less. In fact there were only forty acres, and the bill asked for a compensation for the deficiencies, alleging a fraudulent representation as to the quantity, on which the plaintiff relied in consummating the purchase. The defendant’s answer denied the fraud, and insisted that the bargain was completed for the gross sum of $2500, admitting, however, that the quantity was then estimated at fifty acres, and that he himself believed and represented such to be the fact. It was held that the original agreement to sell by the acre was rescinded, and a sale in gross substituted in closing the transaction. The relief prayed for was denied. Mr. Justice Story, in delivering the opinion, said that upon the structure of the bill, the only important question in the controversy was whether there had been a fraudulent misrepresentation of the quantity by the defendant. As the bill was framed, he held the case could not be dealt with on the ground of mere mistake. He decided that the denial 'of fraud in the answer was not overcome by the proof, and dismissed the bill. Before reaching this unanswerable ground of decision, however, the learned justice reviewed the cases upon the more general question, and some of his observations, certainly, tend strongly to the conclusion that relief will not be granted on the mere ground of mistake, where the purchase is for a gross sum, and there are words in the deed indicating that the quantity of land is uncertain and indefinite. The English cases which he cites are the same from which, as we have seen, Sir Edward Sugden entirely failed to deduce any such doctrine. His remarks are, moreover, qualified by the important concession that cases may occur of such extreme deficiency as to call for relief, but they.must be, *155 he adds, such as would naturally raise the presumption of fraud, imposition or mistake in the very essence of the contract. A number of American cases in the other states were also referred to by Judge Story, and the same, with others, have been cited by the appellant’s counsel. I have examined them all. In some of them the question was one of construction merely, in others the purchaser expressly took the risk of the quantity after being advised of a probable deficiency; all of them were determined upon their special circumstances, and none of them assert a rule so broad as the one contended for. On the whole, it may be confidently affirmed, that there is not in the books a single adjudged case which determines that equity will not, upon the ground of mistake, relieve against a contract in the terms of the one before us, while such contract remains executory, and the mistake is so material that we can see it goes to the foundation of the agreement. On the contrary, there are cases less marked in their facts than the present one, directly determining the question the other way. In the case of Hill v. Buckley (17 Ves., 395), the agreement was for the sale of an estate containing, as stated in the particular prepared by the vendor’s agent, two hundred and seventeen acres of woodland. The deficiency was twenty-six acres. The words more or less were not in the agreement, but it was admitted that so large a deficiency could not be included in those words. The representation contained in the particular was honestly made, but on account of the mistake an abatement in the price was allowed, and a specific performance decreed. The master of the rofls observed that “ though land is neither bought nor sold by the acre, the presumption is that, in fixing the price, regard was had, on both sides, to the quantity which both supposed the estate to consist of.” ’ The case of Portman v. Hill (2 Russel, 520) was a bill for specific performance, filed by the vendor. The contract was for the Bale of a farm, stating the quantity to be three hundred *156 and forty nine acres “ or thereabouts, be the same more ór less,” and it contained a special stipulation that the parties should, not be answerable for any excess or deficiency, and that the purchaser should take the land at the quantity above stated, whether more or less. The deficiency was about one hundred acres, which the answer set up and alleged that the contract was entered into under a mistake as to the quantity. On the coming in of the answer the complainant moved for the usual reference as to the title. The lord chancellor refused the motion, suggesting that the defence might ultimately fail on the grounds of possession and acquiescence; but in regard to the special stipulation he said, “I can never agree that such a clause, if there were nothing else in the case, would include so large a deficiency as is alleged to exist here.” This doctrine was laid down on the high authority of Lord Eldon. There are • some other cases in the English courts to the same effect as those already mentioned. (1 Sug. on Vend. & P., 528, 529; 2 Young & Coll., 620; Owen, 183.) In the case of Thomas v. Perry (1 Peters’ C. C. R.), there was an executed grant of all the lands of the grantor in a certain county “ containing in the whole about two thousand six hundred acres, be the same more or less.” There was a . surplus over the quantity stated of nearly one thousand acres, and it was held the purchaser must account for it. Mr. Justice Washington observed that, “ where the land sold is said to contain about so many acres, both the grantor and grantee consider these words as a representation of the quantity which the grantor expects to sell and the grantee to purchase. The words more or less are intended to cover a reasonable excess or deficit. If the difference between the real and the represented quantity be very great," both parties act obviously under a mistake, which it would be the duty of a court of equity to correct.” A similar doctrine has been laid down in a number of other American cases, some of which are direct adjudica *157 tions in favor of the principle. (Nelson v. Matthews, 2 Hen. & Munf., 49; Quesmel v. Woodlief, id., 173 and note; Bailey v. Snyder, 13 Serg. & Rawle, 160.) If there is any principle of equity on which relief can ever be granted against contracts of the general character of the one under consideration, upon the ground of mistake, and I think the' cases quite uniformly concede that there is, the circumstances of the present case are highly favorable to its application. Here the contract has not been consummated by a conveyance, a distinction which has been very generally made; here the difference between the real and the supposed quantity of land is so great as necessarily to imply a mistake which goes to the essence of the contract, while many of the cases have held the error too small to warrant interference with the agreement, _ and in some of them mistake was neither alleged nor proved, but relief was claimed on the simple ground of deficiency alone. Here too, 1 think, we should hold there was an actual misrepresentation, while in some of the cases that feature is entirely wanting. The exhibition by the vendor of his title deed and of the diagram of the land with the memorandum upon it, must be deemed equivalent to a statement of the quantity, qualified only by the words “ more or less. * If the deed to which the agreement in question refers had not contained this qualifying clause, there would be little doubt upon any of the cases that relief should be given against the mistake. In my judgment far too much significance has been sometimes allowed to these and similar words. Their primary use is to show that all the land embraced within the description is intended to pass, and in that sense they are often important in the construction of the instrument. They may be decisive also upon a question of how much consideration is to be paid, or of mere compensation where actual mistake does not appear. And where misrepresentation and mistake are claimed, they certainly qualify the- statement of quantity which the instrument otherwise imports. They do not *158 qualify it, however, by any means to the extent supposed-A deed which describes the land and states the number of acres, although with the words “more or less,” clearly imports that there is not a great deficiency or excess. If the deficiency is one-half, the instrument carries on its face a gross misrepresentation. And it is quite material to observe that such words do not import a special engagement that the purchaser takes the risk of the quantity. Their presence in a contract or deed may render it more difficult to prove such a mistake as will justify the interference of equity, but they are not equivalent to a stipulation that the mistake when ascertained shall not be a ground of relief. Even if that construction were to be placed upon them, it would still hold true that the contract, viewed in that light, may be entered into under misrepresentation and error so gross that it should not be allowed to stand.
I am of opinion that the judgment should be affirmed, and I put my conclusion on the grounds that the contract is yet executory; that there was an actual misrepresentation of the quantity of land, although not fraudulently made; and that the mistake induced thereby so essentially affected the agreement that upon the settled maxims of equity it ought to be annulled.
Denio, C. J., and A. S. Johnson, Mitchell and Hubbard, Js., concurred in the foregoing opinion.