## McDermith et al. v. Voorhees et al.

1. Conveyance of Realty in Trust — Parol Evidence Not Admissible to Contradict Recitals.— A deed of real estate executed by "B. * * * of the first part" to "M., assignee of said B., * * * of the second part," reciting that the conveyance was made "for and in consideration of the conditions of the assignment made this day for the benefit of the creditors of the said B.," is conclusive of the intent of the conveyance, that grantee took the property in trust and not as purchaser, and the language expressing such intention cannot be contradicted by parol evidence, showing the intent to have been an absolute grant in payment of debts due the grantee and others.

2. Effect of Conveyance in Trust Where the Purpose Fails.— Where a deed of realty is made to one as assignee, in consideration of an assignment to be made by the grantor for the benefit of his creditors, and the assignment is not made, the grantee holds the legal title in trust for the grantee or his heirs.

*Appeal from District Court of Arapahoe County.*

Mr. A. S. Weston, for appellants.

Mr. A. B. McKinley, for appellees.

Reed, C.  This was a suit brought by appellees to remove a cloud from the title to quite a large number of lots in an addition to South Denver, and praying that claimants be declared the legal owners.   The property originally belonged to one Sullivan D. Breece, who, in the year 1876, being insolvent or embarrassed financially, conveyed the property by quitclaim deed to one William J. McDermith. The part of the deed necessary to be considered is as follows:

"This deed, made this 19th day of August, in the year of our Lord 1876, between Sullivan D. Breece, of the county of Lake and state of Colorado, of the first part, and William J. McDermith, assignee of said Breece, of the county of Lake and state of Colorado, of the second part, witnesseth, that the said party of the first part, for and in consideration of the conditions of the assignment made this day for the benefit of the creditors of said Breece, and the further consideration of one dollar to the said party of the first part in hand paid by the said party of the second part, the receipt whereof is hereby confessed and acknowledged, has remised, released, sold, conveyed and quitclaimed, and by these presents does remise, sell, convey and quitclaim, unto the said party of the second part, his heirs and assigns forever, all the right, title, interest, claim and demand which the said party of the first part has in and to the following described real estate, lying and being in the county of Arapahoe and state of Colorado, to wit: [Followed by a description of the property.]"

It is alleged that Breece died intestate in November, 1877; that Margaret A. Breece, Edward P. Breece and Jennie V. Zane were his surviving heirs; that McDermith died intestate in 1880, leaving as surviving heirs Anna McDermith, one

of appellants, and two children, Oro and William J., infants; also, "that said deed was made by said Breece in trust for the benefit of certain creditors of said Breece, with the intention of providing by a contemporaneous instrument for the payment of their debts out of said property; that no such instrument was executed by McDermith; that said indebtedness was shortly afterwards satisfied by or on behalf of said Breece without resort being had to the property mentioned in said deed; * * * that no reconveyance of said lands was ever made by McDermith to Breece or his heirs; that Margaret A. Breece, Edward P. Breece and Jennie V. Zane, the surviving heirs of Sullivan D. Breece, conveyed all their right, etc., in said lands to plaintiff Voorhees on the 30th day of April, 1884, and afterwards said Voorhees conveyed one-half thereof to the plaintiff Samuel W. Shepard."

Plaintiffs also claimed title to the property by treasurer's deeds on sales for taxes from the year 1876 to 1883, some of the deeds being for the entire property, others for a part; all of which tax titles had by various conveyances been conveyed to plaintiffs. The portions of the answers necessary to an understanding of the issues, and for a determination of the case in this court, are as follows:

"Admits that said Breece was, at the time of making said deed, the owner of said lands; denies that it was the intention of said Breece to provide by a contemporaneous instrument for the payment of any such creditors, out of the proceeds of the sale of said land, but alleges that said deed was an absolute conveyance of said land to said William J. McDermith in consideration of the release executed by him and other creditors releasing said Breece from all claims against him held by said creditors, and that said release was executed at the time of the execution of said deed of conveyance from said Breece to said McDermith; but denies that said indebtedness, or any part thereof, was shortly, or at any time thereafter, settled or satisfied by or on behalf of said Breece without recourse to said property,

or otherwise; admits that said Breece died in 1877; admits that no reconveyance was ever made by said McDermith to said Breece or his heirs; alleges that said McDermith was under no obligation, in law or equity, so to do; and alleges that the pretended conveyance of the supposed heirs of said Breece conveyed no right or title to plaintiffs; alleges, on information and belief, that the pretended title or claim of plaintiffs, by virtue of said tax deeds and the intermediate conveyance, is wholly void and without effect; and alleges, on information and belief, that said supposed taxes were not assessed and levied in pursuance of the statutes, and that said supposed sales were not made in the manner provided by law."

The case was tried to the court, who found generally for the plaintiffs, decreeing the relief asked. The court found specially, with other findings, that the conveyance to McDermith was in trust for the benefit of creditors, and did not vest any title in McDermith save a trust for the benefit of creditors; that, in due course of administration, all the debts of Breece were paid and discharged by the administrator without recourse being had to the property in controversy; that thereupon the title vested in the heirs of Breece, and by their conveyance passed to appellees; that prior to and at the time of the bringing of the suit appellees were in the actual and peaceable possession of the property; and that the appellees had good title also to the property through the sales for taxes and subsequent conveyances to them.

There are several errors assigned upon the action of the court in admitting and rejecting evidence, which we do not find it necessary to determine. The first and fundamental question to be determined was and is the nature and intention of the conveyance of Breece to McDermith,— whether it was a conveyance in trust to McDermith as assignee for the benefit of creditors, or an absolute conveyance of the property in payment of debts due McDermith and other creditors. The latter is contended by appellants. The solution of the question depends upon a construction of

the deed itself. The language is plain; the object and intention of the grantor are clearly and definitely expressed. It is said: "Sullivan D. Breece, * * * of the first part, and William J. McDermith, * * * assignee of said Breece." The qualifying phrase relates to the character in which the grantee took,— not as purchaser, but in trust for creditors. The term "assignee" tends to negative any supposition of an intention of vesting the estate in fee in the grantee himself. It was further recited that the conveyance was made "for and in consideration of the conditions of the assignment made this day for the benefit of the creditors of said Breece, and the further consideration of one dollar," etc. These recitals in the grant are conclusive of this branch of the case. It is a principle as old as the law of conveyances, that, against a use declared in a deed, no averment to the contrary can be received. The maxim is: "In the absence of ambiguity, no exposition shall be made which is opposed to the express words of the instrument." Broom, Leg. Max. 619. "It is not allowable to interpret what has no need of interpretation." Co. Litt. 147a; Lanyon v. Crane, 2 Saund. 167. The averment in the answer is one defeating the operation and effect of the conveyance itself, which is not permitted, because the effect would be to subvert the entire transaction, as well as to violate established rules of evidence. 1 Greenl. Ev. § 26, and note; Lazell v. Lazell, 12 Vt. 443; Grout v. Townsend, 2 Hill, 554; Byers v. Mullen, 9 Watts, 266.

Parol evidence is not admissible when it is offered to contradict the terms of the instrument creating the estate. 2 Washb. Real Prop. 479; 2 Greenl. Cruise, 315; Strimpfler v. Roberts, 18 Pa. St. 283; Livermore v. Aldrich, 5 Cush. 431; White v. Carpenter, 2 Paige, 238.

"Where a trust results by force of the written instrument, it cannot be controlled, rebutted or defeated by parol evidence of any kind." 1 Perry, Trusts, § 150; Langham v. Sanford, 17 Ves. 435; Rachfield v. Careless, 2 P. Wms. 158; White v. Williams, 3 Ves. & B. 72.

The claim or contention that the property was conveyed to McDermith with the intention of vesting him with an absolute title that could descend to his heirs is in express contravention of the recitals of the deed, by which the heirs must take, if they take at all; and under all the authorities, English and American, an allegation or averment in the answer that the conveyance was absolute, and in consideration of the release by McDermith and others of debts, was faulty and vicious; and no oral proof in support of it, and contradicting the recitals in the deed, could legally be admitted. But if this were not so, and parol proof could be admitted, that given fell far short of establishing the averment, and the contention failed for want of proof. There was a great dearth of evidence. Breece and McDermith were both dead long before the trial was had. The heirs had little or no knowledge of the transaction. Judge Weston, counsel for appellants, was, at the time of the conveyance, or shortly after, the attorney of Breece. Aside from his, the oral evidence was unimportant. His evidence, so far from establishing appellants' contention, was in support of the recitals in the deed. It shows that he drew up, as attorney of Breece, an assignment which Breece expected all his creditors to accept, but which was not accepted by all, but was signed by a number of them; also, that there was another document drawn by him, which was never executed at all. From this it is apparent that the intended trust was never consummated, nor accepted by McDermith as assignee, or by the creditors. The trust never having been perfected as contemplated in the deed, counsel seems to erroneously suppose that the title vested in McDermith discharged of the trust. When it failed by the acts of the different parties to vest the title as contemplated, the conveyance was void for all intended purposes, and McDermith only held the legal title in trust for Breece and his heirs. "If the declaration of trust * * * plainly shows that the intention was that the grantee should not take as beneficiary, and that the

sole purpose of the grant was to carry out the purpose of the trust, which fails, the grantee will take in trust for the grantor and his heirs." 2 Washb. Real Prop. 473; Perry, Trusts, § 159; *Gibbs v. Rumsey*, 2 Ves. & B. 294; *Hughes v. Evans*, 13 Sim. 496; *Easterbrooks v. Tillinghast*, 5 Gray, 17; *Williams v. Coade*, 10 Ves. 500; *Hawley v. James*, 5 Paige, 318.

There was no error in the findings of the trial court on the propositions above discussed, viz., that the conveyance did not vest in McDermith or his heirs any title, interest or estate whatever, except in trust for the purposes declared in the deed; also, in finding from the evidence that the debts of Breece were paid by his administrator without resort being had to the property in controversy; also, that McDermith held the title to the property in trust for Breece, and after his death in trust for his heirs, from whom claimants took a good title. These findings being correct, it is unnecessary to examine the other branch of the case, and determine the regularity of all the proceedings through which claimants allege their acquired title by sales for taxes and conveyances, etc. We advise that the judgment and decree be affirmed.

RICHMOND and BISSELL, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the decree of the court below is affirmed.

*Affirmed.*