The Court,

without hearing the tenant’s counsel against the motion, delivered their opinion as follows : —
Parker, J.
Being satisfied with the opinion I gave on the trial, I see no reason for sending the cause again to a jury. There is no rule of construction more established than this, that where a deed describes land by its admeasurement, and at the same time by known and visible monuments, these latter shall govern. And the rule is bottomed on the soundest reason. There may be mistakes in measuring land, but there can be none in monuments. When a party is about purchasing land, he naturally estimates its quantity, and of course its value, by the fences which enclose it, or by other fixed monuments which mark its boundaries, and he purchases accordingly. The jury were therefore instructed by me that, as the land contained within the monuments mentioned in the deed in question was all which had belonged to Elizabeth Gilman, the ward of the grantor, the construction of that deed should be that it conveyed all her * land. There was a case [ * 383 ] lately determined in the Supreme Court of New York, in which this principle is recognized and settled. (a)
Sewall, J.
I take the general rule to be, that deeds and other instruments in writing are to be construed by themselves, except only when they contain a latent ambiguity. (b) In the deed in question there is nothing ambiguous. Where monuments and ad-measurements are both mentioned in the description of land conveyed, the purchaser must hold by the boundaries given by the monuments. I have known this question frequently agitated, and it has uniformly been so settled. It would have been improper to have gone into the inquiry respecting the title-deed handed to the scrivener. The direction of the judge on the trial appears to me to have been proper in every instance, and I see no reason for granting another trial on the ground disclosed.
Amory and Otis for the demandants.
Gray for the tenant.
Sedgwick, J.
Two questions might have arisen in this cause-viz., whether the guardian pursued the authority vested in him, and which of the descriptions of the land conveyed by his deed is to prevail. But the first of these questions having been prevented by an agreement of the parties filed in the cause, by which we are to take it for granted that the authority was strictly pursued, the.deed remains to be construed in the same manner as if it was a conveyance in the grantor’s own right. In the construction of a deed, we are never to go out of the deed itself, unless there be contained in it some latent ambiguity, or a reference to some extraneous circumstance. The only object of inquiry, out of the deed in question, is, Where is Veasie’s land ? That being found, the deed must be construed by itself. It has been so long and invariably held in this country that in case of a variance, in the description of [ * 384 ] land, between * monuments and the length of lines, the former are to govern, that the rule cannot now be shaken ; and from the application of this rule to the present case, it follows that the land conveyed by Howe to Bass must adjoin the land of Veasie’s heirs the whole length of one of its sides. I am therefore of opinion that the direction of the judge was right, and that there ought to be no new trial.
The Chief Justice, who had been of counsel in the cause, and Thatcher, J., absent. (a)

Judgment according to verdict.

 Tills was the case of Man and Toles vs. Pearson, 2 Johnson's Rep. 37. — P. gave a bond to M. and T. with condition, by which he agreed to convey to them a lot of land, number 78, in the township of Lysandcr, <fcc., containing 600 acres. A deed was delivered to M. and P., describing the lot as “ containing 600 acres, be the same more or less.” On actual survey, the lot was found to contain only 421 acres and one eighth. In an action brought against P. on the bond, it was held that the mention oí the quantity of acres was matter of description, and that the delivery of the deed foi the lot of land, according to its usual and known description, was a performance of Ihe condition of the bond.

 Revere vs. Leonard & Al. 1 Mass. Rep. 91.

 Pernam vs. Wead, 6 Mass. Rep. 131. — Gerish vs. Bearce & Al. 11 Mass. Rep. 193. — Aikin vs. Sanford, 5 Mass. Rep. 494. — Davis & Al. vs. Rainsford, 17 Mass. Rep. 207. — Folger vs. Mitchell & Al. 3 Pick. 396. — Brimmer vs. Proprietors Long Wharf, 5 Pick. 131.— Learned vs. Morrill, 2 R. H. R. 197. — Thomas, Lessee, vs. Godfrey, 3 G. & J. 192. — Dickson vs. Wendall, 3 Cow 147. — Kennebeck vs. Tiffany, 1 Greenl. 219. — Jackson vs. Camp. 1 Cow. 605. — Jackson vs. Frost, 5 Cowen, 346. — Doe vs. Thomson, 5 Cow. 371. — Jackson vs. Widger, 7 Cow. 723. — Jackson vs. Moore, 6 Cow. 706.— Boldon vs. Seymore, 8 Cow. 19