Tilghman, C. J.,
in delivering the opinion of the Court, has stated the whole case,
*s an action of covenant, in which the plaintiff declares that the defendant, for a certain valuable consideration, bargained and sold to him a certain parcel of land, contained certain metes and bounds, and covenanted that there should be the quantity of two acres and three-quarters of an acre, whereas in fact there were but one acre and one hundred and forty-eight perches. The and forty-eight perches. The defendant demanded oyer of the deed and demurred. Upon oyer, it appeared that the defendant had bargained and sold certain land described as set forth in the declaration, and after mentioning the boundaries, the deed proceeded as follows: “containing two acres and three-quarters of an acre, being the lot mentioned in a plan or map of land of the estate of the said William Masters, (number 18, R. M. Penn,) and which, upon a partition and division of the estate of the said William Masters, was, inter alia, allotted and assigned unto the said Richard and-Mary Penn,' her heirs and assigns for ever.’’ And then followed a covenant of special warranty in the usual form. The question is, whether there was a covenant that the quantity of land should amount to two acres and three-quarters ? And I am clearly of opinion, that there was not. The deed contains a triple description of the land conveyed by the defendant: 1st. By natural boundaries, courses, and distances. 2d. By reference to a partition of the estate of William Masters, (lot, number 18, &c.) 3d. By quantity. But the description by quantity, is, in its nature, the least certain of the three, and must yield to the others. It is the boundaries to which *489 ihe grantee must look; he has a right to all the land within them. The quantity is matter of calculation, and be it more or less, it passes. There is no express covenant, that the quantity in this case, shall amount to two acres and three-quarters of an acre. Nor is there any implied covenant; because the quantity is introduced, not by way of covenant, but of description. The case is so plain in .its nature, that it needs no support from authority ; yet authority is to be found in abundance. I refer to the cases of Mann, et al. v. Pearson, 2 Johns. 37. Powell v. Clark. 5 Mass. Rep. 355. Smith v. Evans, 6 Binn. 102. Boar v. Moore’s administrator, 1 Serg. & Rawle, 166. My opinion is, that the demurrer is good, and judgment should be entered for the defendant.
Judgment for the defendant.