Tompkins General Term, July, 1848. *Shankland, H. Gray, Mason, and Morehouse*, Justices.

## ROAT *vs.* PUFF.

Where a deed, after describing the premises intended to be conveyed, by metes and bounds, contained these words: " containing 195 acres of land," and after excepting two pieces, one of fifty acres, and another of sixteen acres, added, " There being in the lot hereby conveyed 135 acres, strict measure, the surplus, if any, not being hereby conveyed;" *Held*, that this was not a covenant that there were 135 acres of the land described; and that the grantor was not liable in an action of covenant, upon its turning out that the quantity of land embraced within the boundaries was less than 135 acres.

Where land is conveyed by metes and bounds, and at the close of the description the number of acres is stated, even if the description contains positive language as to quantity, it is to be regarded only as descriptive of the lot, and not as a covenant of quantity.

Error to the Tompkins common pleas. The action was for a breach of the covenant contained in a deed, as to the quantity of land conveyed. On the trial in the court below the plaintiff was nonsuited; and having filed a bill of exceptions he brought a writ of error to reverse the judgment. The facts will be found in the opinion of the court.

*Beers & Bates*, for the plaintiff.

*Johnson & Schuyler*, for the defendant.

*By the Court*, Mason, J. There is but a single point in this case, and that turns upon the construction of a single sentence in the deed upon which the action is brought. The deed contains covenants of warranty, and the premises are described by metes and bounds, giving courses and distances on all sides of the premises but one, and upon that side the description is as follows: " Thence up the said creek northwestwardly along the channel thereof to the west line of said lot." There is no complaint of any ambiguity in this description. The deed, after describing the premises by metes and bounds, has the following

expression, " containing one hundred and ninety-five acres of land," and then goes on and excepts from the conveyance two pieces, one of fifty acres and the other of sixteen acres, which are clearly and distinctly located and described, and at the conclusion of the description of the premises excepted from the conveyance is the following sentence : " There being in the lot hereby conveyed one hundred and thirty-five acres strict measure, the surplus, if any, not being hereby conveyed." The plaintiff claims that this is a covenant of quantity—a covenant that there are one hundred and thirty-five acres of land described in the deed. It appears from the testimony in the case, that on actual survey there is in truth but one hundred and twelve acres and $\frac{93}{100}$ of the land ; and the only question in the case is whether this is a covenant on the part of the grantor that there are one hundred and thirty-five acres of the land described in this conveyance. If it is not such a covenant, the plaintiff's action fails of course. The court below decided that it was not such a covenant, and nonsuited the plaintiff. I must say, that after a careful examination of the case, I am satisfied the decision of the court below was right. It should be borne in mind, in the first place, that this expression, as to the quantity of the land, follows immediately the description of the premises, and precedes all the covenants of warranty in the deed. I regard it as well settled, by an uninterrupted series of adjudications in England and in this country, that when land is conveyed by metes and bounds, and at the close of the description the number of acres is stated, even if the description contains positive language as to quantity, it is regarded only as descriptive of the lot, and not as a covenant of quantity. I will only refer to a few of the American cases which hold this doctrine. The first case in the courts of this state is *Jackson* v. *Defendorf*, (1 *Caines' R.* 493.) The deed in that case purported to convey lot 10 in the new patent, in the second tract, on the south side of the Mohawk river, and referring to a map of the patent for its boundaries ; and it was said in the deed to contain two hundred acres. The lot upon survey was found to convey more than two hundred acres, and the only question in

Roat v. Puff.

the case was whether the deed would carry the whole lot. The court said, "the intent was to convey the whole lot. It referred to the map. When the quantity of acres is mentioned it is only as descriptive of the lot according to the common acceptation."

The case of *Mann & Toles* v. *Pearson*, (2 *John. R.* 39,) was decided three years afterwards. It was an action of debt upon a bond given by the defendant by which he agreed to convey to the plaintiffs lot No. 78, in the township of Lysander, &c. containing 600 acres. A deed was executed accurately describing the lot, and concluding the description with the following words, "containing 600 acres be the same more or less." The lot, upon actual survey, was found to contain only $421\frac{1}{6}$ acres. It was held that the statement of the number of acres, in the bond, was mere matter of description, and that a delivery of the deed for the lot of land by its usual description was a full performance of the condition of the bond. Spencer, justice, in giving his opinion in the case says: "I am then brought to consider whether in a deed containing covenants of seisin, and in which the land granted is definitely described, either by metes and bounds, or as a lot distinguished on record, an erroneous estimate of acres furnishes a ground of action on the covenant of seisin;" and after a reference to a case in 13 *Vin.* 79, he concludes: "The enumeration of quantity is not of the essence of the contract; it is matter of description merely. The only certainty in the present case is the lot, and that alone is the subject of the covenants; and I will only add that, in my own experience, and I may say with propriety, in the universal opinion of conveyancers, the enumeration of quantity, after a description of the subject, is superfluous and immaterial, and in any view only matter of description."

The same question came before the supreme court of Massachusetts in September, 1809, only one year after the decision of the above case, and that court affirmed the same doctrine. See the case of *Howe et al* v. *Bass*, (2 *Mass. R.* 380,) in which the learned Chief Justice Parker delivers the opinion of the court, and cites the case of *Mann and Toles* v. *Pearson, supra,* with

approbation. He says, " There is no rule of construction more established than this, that when a deed describes land by its admeasurement and at the same time by known and visible monuments, these latter shall govern ; and the rule is bottomed on the soundest reason. There may be mistakes in measuring land, but there can be none in monuments. When a party is about purchasing land he naturally estimates its quantity, and of course its value, by the fences which enclose it, or by other fixed monuments which mark its boundaries, and he purchases accordingly." The same question again came before the same court in the case of Powell v. Clarke, (5 Mass. R. 355 ;) which was an action of covenant upon a deed. After the conclusion of the description of a portion of the premises, was the following affirmation, " containing twenty-nine acres and twelve rods of ground." The description of the piece secondly described in the deed concluded as follows, " containing six acres and one hundred and thirty rods of ground." The court held this not to be a covenant of quantity. I must confess that I have not been able to discover any sensible difference between that case and the case at bar. I cannot distinguish any difference in the meaning of the language used in the two cases. And I would ask what is the difference between concluding the description of the premises with the expression " containing 135 acres," or with the expression " there being 135 acres ?" Both refer to the previous description of the premises ; and each expression is an affirmation that within the boundaries described there are 135 acres. The reasoning of Chief Justice Parker in the case last cited is so applicable to the case at bar, and is so much better expressed than any thing I can say, that I will adopt a portion of his opinion as applicable to this case. " The question before us," says Chief Justice Parker, " in this action, depends upon the construction of the deed declared on ; and we are of the opinion that the words expressing the quantity of the land in the two tracts do not amount to a covenant, but are merely descriptive of the lands conveyed. Each tract is definitely limited, and any surveyor could easily ascertain its contents, and the plaintiff might have known the quantity of land

contained within the limits described, before he concluded his purchase, by taking the proper measures. If to avoid that trouble he chose to rely on the estimation of the defendant, he should have taken care that an express covenant was introduced into the deed. If the boundaries of the tracts had included more than the quantity expressed, yet all within those boundaries which the defendant had a right to convey would have passed by the deed. So if less was contained, the plaintiff has title only to what was in fact included. In his purchase, therefore, he must be considered as relying on the boundaries described, and not on the contents mentioned. In a conveyance of land, by deed, it is immaterial whether any or what quantity is expressed, for the description by the boundaries is conclusive; and when the quantity is mentioned in addition to a description of the boundaries, without any express covenant that the land contains that quantity, the whole must be considered as mere description."

The doctrine of this case was affirmed by the supreme court of this state in 1818, in the case of *Jackson* v. *Barringer*, (15 *John. R.* 471,) and the case itself was cited. The unqualified doctrine of the case was again affirmed by this court in 1827, in the case of *Jackson* v. *Moore*, (6 *Cowen's R.* 706.) Justice Sutherland, who delivered the opinion of the court in that case, says: " When a piece of land is conveyed by metes and bounds, or any other certain description, all within those bounds or that description will pass, whether it be more or less than the quantity stated in the deed. And when the quantity is mentioned, in addition to a description of the boundaries or other certain designation of the land, without an express covenant that it contains that quantity, the whole is considered as mere description. The quantity being the least certain part of the description must yield to the boundaries or number, if they do not agree." The doctrine of these cases has been steadily followed by the courts of this state. In the case of *Jackson* v. *McConnell*, (19 *Wend.* 175,) the deed which conveyed the land described it as beginning at a well known point, giving courses and distances, and then concluded as follows, " containing 200

acres strict measure and no more," and the land embraced within the description exceeded the quantity in the deed about nine acres ; held that the grantee took the whole. Justice Cowen said, in that case, "The words of exact restriction to 200 acres and no more in the deed to the defendant, could never be allowed to supersede or control a palpable description so easily traceable as was the Lawrence survey through its monuments, courses and distances." And the same doctrine has been affirmed in the following cases in other states. (*Belden* v. *Seymour*, 8 *Conn. R.* 19. *Benedict* v. *Gaylord*, 11 *Id.* 332. *Smith* v. *Dodge*, 2 *N. Hamp. Rep.* 303. *Call* v. *Barker*, 3 *Fairf. Rep.* 320. *Largi* v. *Penn*, 6 *Serg. & Rawle*, 488. *Smith* v. *Evany*, 6 *Bin.* 102.)

It being the settled law of the case that the affirmation of quantity, at the close of the description of the premises in the deed, is not to be regarded as a covenant of quantity, but merely as matter of description of the premises ; the only remaining question is which shall control in the description ? or in other words, to which do the covenants of warranty in the deed apply, to the quantity expressed in the deed, or to the premises described therein by metes and bounds ? I take it to be well settled that the descriptive boundaries control the quantity as being the most certain ; as it is much more likely that a party purchasing, or selling land, should make mistakes in respect to course, distance, and quantity, than in respect to visible objects, which latter being mentioned in the deed are presumed to have been examined by the parties. (2 *Mass. R.* 383. 5 *Id.* 355. 6 *Id.* 131. 6 *Conn. R.* 706. 4 *Wend.* 58. 1 *Cowen's R.* 605. 15 *John. R.* 471. 2 *Id.* 37. 6 *Wheat.* 580. 5 *Wend.* 142. 4 *Wheat.* 444. 6 *Hill's R.* 457. 8 *Wend.* 183. 18 *Id.* 157.)

It has been suggested as a difficulty in this case, in giving this construction to the deed, that we do not pay proper respect to the rule for which Lord Hobart so much commended those judges that adhered to it ; and which was in effect that they should be astute to invent reasons to construe acts according to the intent of the parties. But I do not think that the view

Roat *v.* Puff.

which we have taken of this case is obnoxious to this rule. The grantor in this deed undoubtedly intended to say and affirm at the conclusion of the description of these premises, that there were 135 acres of the land, within the boundaries described, and so the grantee understood him to affirm; but when we pass from the descriptive part of this deed, and look at the covenants of warranty in the deed, it is to my mind quite evident that the defendant did not intend to covenant that there were one hundred and thirty-five acres of the land described. The covenant in the deed is that the defendant shall have and hold " the above granted, bargained, and described premises," to his sole and only use, and the defendant covenants to warrant and defend the above " mentioned and described" premises in the quiet and peaceable possession of the plaintiff. There are no covenants of seisin; and the above is in fact all the covenant of warranty contained in the deed.

I do not see how we can read this covenant as extending beyond the premises actually described by metes and bounds in the deed. There are in truth no other premises described in the deed than those embraced within the limits of the descriptive boundaries of the deed. And upon the argument of this cause, as I ran my eye through the description of the premises as contained in the deed, and passed on to the covenants of warranty, the idea struck me with great force that these covenants could never be so construed as to make them applicable to this affirmation of quantity at the conclusion of the description; and upon further examination and reflection I am confirmed in that opinion. I think, for the reasons above stated, that the judgment of the Tompkins common pleas should be affirmed.

SHANKLAND, P. J. dissented.

Judgment affirmed.