## EZEKIEL B. PHILLIPS *vs.* CYRUS B. BOWERS.

One who lays out a street through his land, and then grants all the lots bounding on the street, except one, may maintain an action of tort, in the nature of trover, against either of the grantees, for taking earth from the street, not necessary to the construction or repair of the street, and taken indiscriminately from the whole line of the street.

*It seems,* that a grant of land, described as bounded by certain courses " to a stake by land laid out by the grantor for a street, thence southerly by said street," extends only to the side of the street, if the stake is there.

*It seems,* that a grant of land " to a street one rod and a half wide, thence northerly by said street," passes the land to the centre of the street.

SHAW, C. J.    Action of tort for carrying away and converting to the defendant's use a large quantity of earth, the property of the plaintiff.    By the answer, after denying any trespass, or taking any earth, the property of the plaintiff, the defendant goes on to say, that the plaintiff once owned a parcel of land in Natick, that he laid out a street through and across it, and afterwards disposed of his interest in it, to the defendant and others; that afterwards the plaintiff pretended to have a right to all certain earth on said street, and thereupon licensed and empowered the defendant to remove said earth, and agreed that the defendant might have the same, without further compensation than the benefit of having it removed; and that afterwards the defendant discovered that the plaintiff had no such right.

Two questions were thus raised and put in issue, by this declaration and answer, namely: 1st. Whether the plaintiff owned the soil from which the earth was taken; if so, 2d. Whether he gave the license relied on in the answer.    If the first should

be found for the defendant, the latter would of course be immaterial.

In this state of things, the case came on to be tried in the court of common pleas. It was proved that the plaintiff had owned the parcel of land, that he had laid it out for house lots, with a street through it according to a plan, had sold one lot to the defendant by description, bounding him on one side (as the bill of exceptions states) " by land laid out by said Phillips for a street," that he laid out the street as proposed, and sold lots on both sides of it to other parties, bounding on " a street one and a half rods wide," which was the same street laid out by the plaintiff. At the time the earth was removed by the defendant, the plaintiff had sold all but one of the lots adjoining said street.

The defendant contended that by these conveyances, " the plaintiff had parted with his title in said street to his grantees adjacent to the lots conveyed by him, so that he had no title in the earth and stones thence removed by the defendant, and so could not maintain this action." The court adopted this view and so declared the law, and thereupon a verdict was returned for the defendant, and the plaintiff alleged exceptions.

We cannot concur in this as a correct view of the law upon the facts stated. We are to assume that the material taken, for which this action was brought, was taken indiscriminately from the whole of the street. Had it been soil taken from the street immediately fronting the defendant's own separate lot, or the lots sold to others than the defendant, it might have presented a different question.

It is solely a question of legal title to the soil of the street, being the land on and over which the street was laid. The plaintiff had owned this parcel, he remained owner of all which he had not sold, he therefore still owned one lot, and the portion of the street lying in front of it, to the centre of the street. Even if the grants to other proprietors extended *ad filum viæ*, it could only be, to each grantee, the fee in that portion of the street fronting on his own lot. There cannot, we think, be any pretence that those other grantees of lots took any title in

fee, in common or otherwise, in the soil of that part of the street not in front of his own lot. It is undoubtedly true that each of those grantees, including the defendant, took, by way of easement, a right of way, in common with the plaintiff and each other, in and over the lot retained by him, as appurtenant to their respective lots, for all purposes for which such right of way would be useful and beneficial thereto, and with all the powers which the grantor could give, as incidental to the beneficial enjoyment of it. For this purpose, it would extend to the use and appropriation of all the sand, gravel, stone and other material on or under said street, which would be suitable and useful, for the construction and repair of such street. Such a grant is incident to the grant of land, bounded on a " street," when the grantor is the owner in fee of the soil of the street. *Tufts* v. *Charlestown,* 2 Gray, 271. Such owners of house lots, with such an easement appurtenant to each, have ample remedies for any disturbance of their rights, both in law and equity. But this does not affect the question of legal title in the soil under the street, in front of the plaintiff's unsold lot.

The court are therefore of opinion, that at the time of the alleged trespass the plaintiff was owner in fee in severalty of a part of the street from which the materials in question were taken, and had not, by the conveyances referred to, parted with his title therein to the grantees of the adjacent lots; that he therefore had title to any superfluous earth, gravel or rock, not necessary or useful to the construction or repair of the street, (as he would have to trees or the materials of buildings,) for which, if taken away without his authority, an action can be maintained.

The question which seems intended to be raised is, whether the fee of the soil under the whole of the street was in the plaintiff. We do not perceive how this question could arise, until the case came to the question of damages, which was not reached in the trial. That point therefore was not adjudicated on; but as the question may again arise on a new trial, it may be proper, without giving any positive opinion, to make a few remarks respecting it.

The question has been much discussed, whether by deed of land bounding on a highway, the grantor conveys all his title to the fee of the soil to the middle line of the way, or only to the side of the way, next to the land. In *Tyler* v. *Hammond*, 11 Pick. 193, Judge Wilde, in stating the opinion of the court, is supposed to lay down the negative as the rule of law. But in examining the opinion, we think the rule he announces is, that such a construction will not be adopted, when it appears from the whole description that such was not the intent; and that a precise description of courses and distances, in feet and inches, is sufficient to control it. That is, the intent shall govern. In *O'Linda* v. *Lothrop*, 21 Pick. 295, Mr. Justice Morton, in giving the opinion of the court says: "It is supposed to be settled by the adjudged cases in this commonwealth, that in a line running to a road, or bounded by a road, the road is excluded."

The cases cited, we think, do not show that this point was expressly raised and judicially decided on, though perhaps two of them imply that the judges giving the opinions so understood the law. But in the case of *Sibley* v. *Holden*, 10 Pick. 249, it was held, as the adjudged point in the case, that when the line began at a stake on the side of the road, thence, by various lines, " to said road; thence by said road to the place of beginning," it excluded the road. The reason is, that such was the obvious intent.

In inferring the intent of the parties to include, in the grant, the fee to the middle line of the way, from particular expressions used, possibly some distinction may be made between a case where the land is described as lying or bounding on a way, and where it is described as running *to a way*, and thence *by the same way*, especially if in the former there are any words indicative of an intent that the grantee shall have a right to use the way, rather than the fee of the land under it.

But whatever may have been the fluctuation of opinion on this subject, as to one point it has lately been expressly adjudged, that in the latter of the above supposed cases, where a line is given running " to the road, and thence by " the road, it extends to the *filum viæ* or middle of the road; and that this infer-

ence is not controlled by the measurement of distances, showing that such measurement would extend only to the fence on the side of the road. *Newhall* v. *Ireson*, 8 Cush. 595.

It proceeds on the well established rule of law for the interpretation of conveyances, that where monuments and measurements do not coincide, monuments shall govern; *Howe* v. *Bass*, 2 Mass. 380 ; unless from the whole description, as applied to the subject matter, a contrary conclusion can be drawn as the clear intent of the parties. *Davis* v. *Rainsford*, 17 Mass. 207.

The case, I have said, proceeds on the ground that monuments will prevail over measurements, as a fixed rule, and that a street or way is for this purpose a monument or abuttal ; and where no other line is expressed, the law implies that it is the middle line. It is the middle line, because a way, being the means only for the enjoyment of an incorporeal right, has not necessarily any fixed corporeal dimensions ; and as the parties on both sides of the way have similar and equal rights, the middle line shall be intended.

Perhaps it is not necessary to make a specific application of these views to the present case, because, on another trial, the facts may be varied. I would remark, however, that in the bill of exceptions the deed of the plaintiff to the defendant is not described with exact precision. In recurring to the deed, which is referred to, it conveys one of the lots to the defendant, bounding him on one side by a line running, after other courses, " to a stake by land laid out by said Phillips for a street, thence southerly by said street." If, as seems probable, this was a stake on the side of the road, it would seem that the grant of the fee did not extend to the middle line. *Sibley* v. *Holden*, 10 Pick. 249.

In some of the other deeds, perhaps in all of them, the lots granted are described, as running after other courses, "to a street one rod and a half wide, thence northerly by said street." This is conceded to be the same street laid out by the plaintiff. If there should be nothing to vary the result, this would seem, by the authority of *Newhall* v. *Ireson*, 8 Cush. 595, to carry the grant

of the fee to the middle line of the street, and vest it in the several grantees, subject to the implied right of way.

The rule, as laid down and applied in the case of *Newhall* v. *Ireson,* was so held in regard to a public highway. That the same rule would be applied when the line runs to a private way, I believe has not been expressly adjudged, though the case seems to be analogous. If there is any difference of principle, it is still an open question, which may arise in this case hereafter, or in any future case.

An objection was taken in the argument, to the plaintiff's right to recover, that if the stones and gravel were personal property, the plaintiff had neither actual nor constructive possession, when they were taken, nor a right to immediate possession; or if the plaintiff is right in his claim of title, then the gravel and stones were real estate, and so this action for a trespass on personal chattels cannot be maintained.

We think a brief answer will meet both objections. The owner of real estate has a right to sever a portion, when he pleases, as by cutting trees, blasting rocks, excavating for coal or minerals. All such articles, when severed, either by himself or another, are his personal property. *Riley* v. *Boston Water Power Co.* 11 Cush. 11. When the stones and gravel were severed by the defendant, either rightfully, to grade the street, or wrongfully, when not necessary, the materials thus severed, not being necessary to the construction or repair of the street, immediately became the property of the plaintiff, the right of property draws after it the right of possession, actual possession was not necessary; and then the taking of them by the defendant without authority from the plaintiff was a conversion, for which this action of tort under the new practice, in the nature of trover, will lie to recover the value. *Exceptions sustained.*

*C. R. Train,* for the plaintiff, cited *Parker* v. *Framingham,* 8 Met. 267; *Tufts* v. *Charlestown,* 2 Gray, 271; 2 Smith's Lead. Cas., Amer. note to *Dovaston* v. *Payne.*

*J. Q. A. Griffin,* for the defendant, cited *Parker* v. *Smith,* 17 Mass. 413; *O'Linda* v. *Lothrop,* 21 Pick. 292; *Tufts* v. *Charlestown,* 2 Gray, 271; *Newhall* v. *Ireson,* 8 Cush. 595; *Parker* v. *Framingham,* 8 Met. 260.