Andrews et ux. v. Rue.

---

### JOHN H. ANDREWS AND WIFE v. JOHN L. RUE.

1. After the description of the lands conveyed in the deed, by metes and bounds, follow these words, " containing one hundred and eighty acres, strict measure." *Held*—

*First.* That as the subject matter of the conveyance was a farm well-known, and well-defined by boundaries, monuments, improvements, and occupations, a deficiency of nine acres in the quantity of land was no breach of the covenants for title.

*Second.* Nor is there an express or implied covenant that the farm shall contain one hundred and eighty acres.

2. The mere enumeration of the quantity of land at the end of a particular description of the premises, by courses, distances, and boundaries, however precise, is matter of description merely, and is subject to the other controlling specifications.

3. If there were an express covenant as to the quantity of land, or if this were included in the covenant for title, the covenant was personal, and broken as such. It was, therefore, a chose in action, and the assignee cannot sue in her own name after the assignor is dead, under supplement to practice act of March 17th, 1855, (*Nix. Dig.* 737, § 142,) without showing that she is an assignee for a valuable consideration.

On rule to show cause why verdict should not be set aside and a new trial granted.

This was an action of covenant brought by the plaintiffs, who sue for the use of Mary H. Andrews, the wife, assignee of Joseph Booth, deceased.

The defendant, by deed dated April 19th, 1860, conveyed to Joseph Booth, a farm in Monroe township, Middlesex county, with the usual covenants, including the covenant of seizin. Joseph Booth conveyed the same land to the plaintiff, Mary H. Andrews, by deed dated February 18th, 1862.

By an assignment in writing, not under seal, bearing date June 27th, 1867, Joseph Booth assigned to Mary H. Andrews all his demand and rights of action against John L. Rue, the defendant, for breach of any of the covenants in the deed to him, for the above farm, which he had conveyed to her, and authorized her to receipt and discharge said right of action to said John L. Rue.

The breach stated is, that the defendant did not have good right, &c., to convey to the said Joseph Booth one hundred and eighty acres of land, strict measure, as mentioned in the deed, but only the quantity of one hundred and seventy-one acres.

The defendant filed several pleas traversing the breach of covenant, and also denying the assignment.

At the trial in Middlesex Circuit, a non-suit was entered against the plaintiffs ; and a rule to show cause being granted, the case was argued here on a motion to make the rule for new trial absolute.

For plaintiffs, *S. B. Ransom.*

For defendant, *George C. Ludlow.*

The opinion of the court was delivered by

SCUDDER, J. The breach charged in the plaintiffs' declaration is, that the farm contained only one hundred and seventy-one acres, whereas there should be, by the terms of the deed, one hundred and eighty acres, strict measure. What covenant has been broken ? The first count charges a breach of the covenant of seizin. The second count, that an express covenant that the tract of land conveyed con-

tained in quantity one hundred and eighty acres, has been broken.

The covenants are all found after the habendum clause, in the usual form, without any reference to the quantity of land, other than that contained in the words, "all and singular the above granted and described premises." The descriptive words are, "all that certain farm and plantation hereinafter particularly set forth and described, situate, lying, and being in Monroe township, in the county of Middlesex, and state of New Jersey, to grant which said premises, the said parties of the first part have right by deed from Abraham S. Rue, of October 7th, 1848, principally; beginning at a stake standing at the north edge of the road leading across said premises hereby conveyed; said stake is also the second corner of a lot of two acres and seventy-four hundredths of an acre, conveyed to said John L. Rue by Matthias Johnson, by deed of September 20th, 1851; thence by surveys heretofore made by John Perrine, with the variations allowed to the present time," &c.

The description then proceeds, giving the courses and distances, and ending each course with a monument, either the line of other land, a tree, a corner, or a road, with some special designation as to the kind of tree, or its location, and the name of the owner of the adjoining land. These monuments appear to be all certain and well defined.

After this description by metes and bounds, follow these words, "containing one hundred and eighty acres, strict measure."

It appears in the evidence offered at the trial by the plaintiffs, that after the farm was conveyed to the wife, they caused it to be surveyed, and it was found that several of the lines were short of the measurements given in the deed, while others agreed; that the courses of the lines were correct, with slight variations, and all the monuments were found as described in the conveyance. The difference in the length of several lines caused the deficiency in the quantity of land. The exact contents within the monuments were one hundred and

seventy-one acres and twenty-four-hundredths. The land is, therefore, short eight acres and seventy six-hundredths.

Upon this statement of the facts in the case, it appears that there is no special covenant that the land contains the number of acres named in the deed; neither is there any implied covenant to that effect. The mere enumeration of the quantity of land at the end of a particular description of the premises by courses, distances and boundaries, however precise, is held to be matter of description merely, and is subject to the other controlling specifications. And this is for obvious reasons. If the boundaries are there, they are the most certain objects, and can readily be found; by them the courses and distances can easily be ascertained, and the quantity is mere matter of computation. If the party purchasing chose, therefore, to trust the measurement of others, asked for no warranty of contents, shows no fraud in the seller, and gets the land he bargained for by the general designation of a farm, within known boundaries and enclosures, the law will not aid him because he did not get the quantity of land he supposed, and which the seller in good faith thought he was conveying.

Under these circumstances, there is no implied covenant that the land shall contain the exact number of acres named in the deed, and the covenants for title apply to the premises contained within the boundaries, and not to any enumeration of acres.

If there be a conflict in the boundaries between the monuments and the courses and distances, the latter must yield to the former, because they are more certain, and reference will be had to them to determine the intention of the parties to the conveyance. These are the well-known rules of law applicable to the construction of deeds. *Opdyke* v. *Stephens*, 4 *Dutcher* 83; *Fuller* v. *Carr*, 4 *Vroom* 157; *Powell* v. *Clark*, 5 *Mass.* 355; *Roat* v. *Puff*, 3 *Barb.* 353; *Jackson* v. *Moore*, 6 *Cowen* 706; *Weart* v. *Rose*, 1 *C. E. Green* 290; *Rawle on Cov.* 523–524; 4 *Kent's Com.* 466; 3 *Washb. on Real Prop.* 347–350, 418.

Mr. Rawle says (*p.* 525): "These classes of cases obviously proceed upon the ground that the covenants for title apply to what is conceived to be the subject matter of the conveyance, according to the intention of the parties," &c. And in this case the subject matter was a farm, well-known and well-defined by boundaries, improvements, and occupations. It is fair to say the plaintiff's assignor received what he intended by his deed; if not, the fault was in his own neglect, by not introducing express covenants in the deed, or making a more careful examination of the property before purchase.

But, upon another ground, the plaintiffs cannot recover in this case. If there were an express covenant as to the quantity of land, or if this were included in the covenant for title, the covenant was broken as soon as it was made. These are personal covenants. *Garter* v. *Denman*, 3 *Zab.* 260; *Chapman* v. *Holmes*, 5 *Halst.* 20; *Lot* v. *Thomas*, 1 *Penn.* 407.

The right of action upon a breach of such a covenant is a chose in action, and, as such, not assignable at common law; nor by statute was the assignee formerly authorized to sue in his own name. *Garrison* v. *Sandford*, 7 *Halst.* 261.

The emphatic language used is, "An assignee cannot sue upon a breach of covenant that happened before his time." 1 *Bac. Ab.*, Covenant E, 5 a; 3 *Com. Dig.*, Covenant B, 3.

In this case the breach sued upon is charged to be on the conveyance of this land by the defendant to Joseph Booth, who afterwards conveyed to the plaintiff, Mary H. Andrews. Nearly five years after this conveyance, Booth assigned to her his right of action for breach of covenant in the former deed. Upon this assignment the above action is brought by the assignee, Mary H. Andrews, and her husband, in her name and for her use.

It appeared in the evidence below that the assignor, Joseph Booth, died about twelve months after this assignment, and before the action was brought. Hence, it is claimed that the plaintiffs may sue in their own names under

section twenty-two of supplement to practice act of March 17th, 1855. *Nix. Dig.* 737, *pl.* 142.*

This enacts that the assignee, *for a valuable consideration* of any chose in action, heretofore or hereafter assigned, *if the assignor be dead,* may sue for and recover the same in his own name, &c.

The first named condition for bringing the action is, that the plaintiff shall be an assignee *for a valuable consideration.* This material fact must be averred in the pleading and proved on the trial.

The assignment produced and offered in evidence is not under seal, and therefore does not import a consideration It is not, in the writing, expressed to be for a valuable consideration ; nothing whatever is said about any consideration in the instrument. The plaintiffs did not offer to show by evidence *aliunde* that there was a valuable consideration. Nothing appeared upon this subject, excepting the mere fact of the above named conveyances, long before the assignment to the wife.

It is essential, under the express words of the statute, that the plaintiff to whom the assignment was made should show that she is an assignee for a valuable consideration ; otherwise, the action cannot be brought in her name.

I have not overlooked assignments under the act concerning obligations, &c , and under the act to make mortgages and other contracts assignable at law. *Nix. Dig.* 630, 613,† *and the decisions upon those statutes.* But this section under consideration is distinct from these, and its construction must be settled by its own terms.

The rule for a new trial is refused.

* *Rev.*, p. 851, § 21.	† *Rev.*, p. 850, § 19.