### WILLIAM B. SMITH v. MAX NEGBAUER.

In a deed, the premises conveyed were described as a house and lot in a row of houses, and in giving the boundaries of the lot, the side lines were stated to be in length, "eighty feet, or a fraction more or less." Extrinsic evidence showed that, at the time of the conveyance, the side lines of the lot were marked by fences, and that a fence ran along the rear of the curtilages of the several houses in the row, at a depth of only about sixty-five feet from the front. *Held*, in an action on the covenant of ownership, setting up a want of title to land beyond this rear fence, that this fence formed a visible boundary of the property conveyed, and controlled the distance in feet, as expressed in the deed, and that, consequently, there was no breach of the covenant.

In error to Essex Circuit.

Argued at February Term, 1880, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL and DIXON.

For the plaintiff in error, *E. F. Morrow.*

For the defendant in error, *Andrew Kirkpatrick.*

The opinion of the court was delivered by

DIXON, J.   This was an action brought for an alleged breach of a covenant that the grantor, in a deed of certain lands, had good right, full power, and lawful authority to convey the same.

The description of the premises in the deed is as follows, viz. : "All that certain tract or parcel of land in the city of Newark, * * * beginning in the easterly line of Grove street, at a point one hundred and seventy-two feet, more or less, northerly from Market street, said place being in the centre of the party wall dividing the brick house on the lot herein described, from the house on the lot next adjoining on the south ; thence northerly, along Grove street, nineteen feet, or a fraction more or less, to brick house belonging to William

VOL. XIII.                              U

B. Smith; thence easterly, at right angles to Grove street, eighty feet, or a fraction more or less; thence southerly, parallel with Grove street, nineteen feet, or a fraction more or less; thence westerly, at right angles to the said Grove street, and running through the centre of said party wall, eighty feet, or a fraction more or less, to Grove street and place of beginning."

The breach relied on was that the grantor did not own to a greater depth than about sixty-five feet.

At the time of the conveyance, there was a fence running nearly parallel with Grove street, distant about sixty-five feet easterly therefrom; and upon the east side of this fence was a school-house lot, belonging to the city of Newark; there were also fences on the side lines of the house curtilage, extending easterly to this rear fence.

These facts being shown on the part of the plaintiff, at the trial, the defendant insisted that the true interpretation of the description, applied to the actual situation of the land, limited the property intended to be conveyed, to the lot embraced within the fences, as to which the defendant's title had, confessedly, been good; and upon this ground, he moved that the plaintiff be non-suited. The Circuit Court held that the plaintiff's deed called for a depth of more than seventy-nine feet, and denied the motion; and the defendant offering no evidence, a verdict for the plaintiff was directed for the value of the strip lying east of the fence, to a depth of eighty feet from Grove street.

Upon this ruling, error is assigned.

It is a well-settled principle of construction, that where there is a conflict in the description of lands, between fixed monuments and courses or distances, reference will be had to the monuments, to determine the intention of the parties, because they are more certain. *Howe* v. *Bass*, 2 *Mass*. 380; *Andrews* v. *Rue*, 5 *Vroom* 402.

This deed expressly declares that the property therein described consists of one of a row of brick houses and the lot upon which that house stands. If the location of that

Smith v. Negbauer.

lot can be determined, the intention of the parties will be effectuated by regarding the property so indicated as the subject matter of the grant and covenants. The deed states that the depth of this lot is " eighty feet, or a fraction more or less;" but this is indefinite; and although, in the absence of any other guide, the law might, *ex necessitate*, disregard the uncertain term, " or a fraction more or less," and stand upon the exact line, " eighty feet," yet that would clearly be aside from the stated purpose of the parties, in adopting, as a mathematically precise measurement, what they have intentionally declined to consider such. Rather than this, the principle before mentioned requires that, if possible, resort be had to circumstances which, if they exist, will more accurately indicate the minds of the parties, viz., the visible monuments bounding the land about which they were contracting. The expression, " house and lot," used in reference to premises in a city, ordinarily imports a house with a curtilage, shut off from the neighboring grounds by some physical objects. Thus the deed bears upon its face an intimation that the land to be conveyed by it is enclosed within visible boundaries, and, although the character of these boundaries be not indicated in the instrument, nevertheless the law permits extrinsic evidence of the actual condition of things, for the purpose of ascertaining the situation of the land. Evidence *aliunde* is admissible in all cases where there is a doubt as to the true location of the survey, or a question as to the application of the grant to the proper subject matter. *Opdyke* v. *Stephens*, 4 *Dutcher* 83.

In this case, the evidence showed that the rear of the curtilage of. not only the plaintiff's house, but also all the other houses of the row, was marked by the fence bounding the school-house lot, upon the west, and no one undertaking to locate this house and lot would (the depth being not otherwise defined) hesitate in fixing upon this fence as the rear line. The plaintiff himself testified that, when he was examining the property before purchase, he saw the fence, and did not think the land extended beyond the fence.

Under the legal principles above mentioned, this fence was a fixed monument, and controlled the distance stated in the deed. The plaintiff should, therefore, have been non-suited, and the judgment in his favor must be reversed.