Minshabl, J.
The plaintiff in error, Brumbaugh, who was plaintiff below, in August, 1882, commenced an action in the common pleas of the county against the defendant as administrator of H. C. Chapman, deceased, to recover a judgment for *372 an. alleged deficiency in certain land conveyed to him by the decedent, then in life, on April 4, 1874. It is averred that the conveyance was made in pursuance of a written agreement between the parties, made January 23, 1874, to convey a precise quantity of land, 92.79 acres, at $95,00 per acre; that ti did not contain that number of acres, the deficiency being, as alleged, 3.18 acres; and that the claim had been presented to the administrator and rejected.
The sale and conveyance of the land and the rejection of the claim by the administrator were admitted by the answer, but the deficiency, as well as the agreement to convey a specific quantity of land, were denied.
The petition also contained a second cause of action for a breach of the covenant in the deed against incumbrances.
The case was tried to a jury, which rendered a verdict for the plaintiff upon the second and against him upon the first, cause of action. A motion for a new trial was made and overruled, a bill of exceptions was taken, and, the court having rendered judgment upon the verdict, this was affirmed upon error by the district court of the county; and this proceeding is now prosecuted to reverse both judgments.
It appears from the bill of exceptions that, upon the trial, the plaintiff offered in evidence a written agreement made and entered into between the plaintiff and the decedent Chapman, during his life time, on the 23d of January, 1874, by which Chapman agreed to sell and convey to Brumbaugh a certain tract of land describing it as bounded: “On the west by the Sulirt farm, on the south by the Cuyahoga river, on the east by the' land of Esler, on the north by the Munroe Palls road, containing ninety-two 79-100 acres of land”; that .the price agreed on was $95.00 per acre; and that B. agreed to pay “ for the land aforesaid ” $8,815, as follows: $3,000 on April 5, 1874, at which time, on payment of this sum, the possession was to be delivered together with a good and sufficient deed; $500 on April 15, 1874, and the balance $5,315 in seven annual payments of $759,28 each, to be secured by notes and a mortgage on the land.
*373 The payments were made, and the deed, notes and mortgage were all made and delivered as stipulated in the agreement; and, during the life time of Chapman, the notes secured by the mortgage were all paid to him by Brumbaugh.
The deed was also offered in evidence. By it the land is described as comprised in two tracts, of each of which it gives a definite description by metes and bounds, and adds “ being the same lands conveyed to said Henry C. Chapman by Silas Lewis and wife, by deed of warranty, dated April 2, 1863, as recorded, etc., containing ninety-two and 79-100 acres of land in both of said above described tracts.”
The plaintiff then introduced the surveyor of the county, who testified that, in connection with the surveyor of the adjoining county, he made a survey of the land in August, 1882, and, measuring to the edge of the water which was then low, ascertained the number of acres to be 90.11-100. And, the plaintiff having rested his case, the defendant then introduced evidence that, measuring to the middle thread of the river, the tract contained 95.58-100 acres.
Upon the foregoing evidence, which is the substance of all that was offered by either party, upon the issues presented by the pleadings under the first cause of action, the court, as appears from the bill, instructed the jury to return a verdict in favor of defendant on that cause of action; and the question presented by the record is whether the court erred in so instructing the jury.
The object of the suit upon the first cause of action, was not to recover for any fraud or mistake in the transaction. There are no averments in the petition that would warrant a recovery upon either of these grounds, nor would the evidence that was introduced have supported such averments had they been made. It is entirely consistent with the case made in the petition and the evidence introduced on the trial, that Brumbaugh knew of the deficiency, or had reason to believe that it existed, at the time he made and delivered the notes and mortgage for the deferred payments of the purchase-money, or, if not then, that, at least, he knew the fact at the time he made the last payment. If this be so, then, upon principles too well settled *374 to be questioned, he cannot now recover back the money as paid by mistake. The law affords no relief to one who, with a knowledge of the facts, makes a voluntary payment of money to one he does not owe. ' Hence the plaintiff must recover upon a breach of the terms of the written agreement, or else upon the covenants of the deed, or not at all.
Now, could a recovery be had upon the terms of the agreement? We think not, because (1) there is a question whether, by its terms, Chapman bound himself to convey a definite number of acres. The designated number may as readily be regarded as, in part, descriptive of the land to be conveyed, as a separate specific agreement to convey a designated number of acres. The stipulation is, not to sell and convey 92 acres and a fraction, but to sell and convey a certain tract in part described as containing 92.79-100 acres of land. And, in such cases, the general rule would seem to be to regard the designated number of acres as descriptive of the land to be conveyed, rather than as binding the vendor in an obligation to convey the exact number of acres so designated; so that, where all the land included in the designated boundaries is conveyed, the vendor is not liable to the vendee for a deficiency, unless so great as to suggest fraud. 3 Wash. Real Prop. 525, *673.
But (2) whatever may have been the rights of the vendee, under the agreement, for a deficiency in the land, he, as we think, has none now; for the reason, that, by the execution of the deed, the contract to sell and convey the land described in it, whether it was for a definite number of acres or not, was, so far as it embraced this particular stipulation, merged in the deed, and, to use the language of tho books, became executed by it. Farmers’ & Mechanics’ Bank v. Galbraith, 10 Pa. St. 490; Haggerty v. Fagan, 2 Pen. & Watts, 533; Williams v. Hathaway, 19 Pick. 387; Kreiter v. Bomberger, 82 Pa. St. 59; Ketchum v. Stout, 20 Ohio, 453.
The very purpose and effect of the deed, in this case, was to execute the prior agreement in this regard, if in none other. And that the execution and delivery of the deed was intended by the one, and accepted by the other, as a performance of the stipulation in the agreement to convey whatever by its terms *375 was intended to be conveyed, appears from the further fact that the vendee at once executed and delivered to the vendor the notes and mortgage for the balance of the purchase-money according to the price previously agreed on — all of which were subsequently paid before the commencement of this suit.
The case of Reid v. Sycks, 27 Ohio St. 285, cited to us, is quite different from the one presented by the record before us, and is not in conflict with what has just been announced. It was there simply held that the deed did not execute a prior agreement of the vendee to assume and pay an existing lien upon the property, that had been assumed by the vendee as part of the purchase-money. As a rule the deed does not execute any of the stipulations of the vendee as to the consideration to be paid for the property. Its office is to execute the agreement on the part of the vendor. And the learned judge, in delivering the opinion in that case, was careful to observe this distinction, in the use of the language: “ The obligation to pay the purchase-money was not merged by the deed, which was only in performance on the vendor’s part. * * * The covenant to convey is performed by the conveyance; but covenants relating to other things than a mere conveyance are not thus performed.” The case of Whitbeck v. Waine, 16 N. Y. 532, is, also, plainly distinguishable from the one before us. There the previous written agreement contained an express provision for an increase or rebate of the purchase-money in proportion to any excess or deficiency which might exist in the quantity of the land. And, a portion of the purchase-money remaining unpaid, and no bond or mortgage having been given, the court was of the opinion that the provision for an increase or rebate for any excess or deficiency in the land, remained in force as to any unpaid residue of the purchase-money, notwithstanding the execution of the deed; observing, however, that had such securities been given “ at the time the deed was delivei’ed, and they had not contained a provision, respecting deficiency, like that in the contract, a different question would have arisen from the one presented.” The cases of Vail v. McMillen, 17 Ohio St. 617, and Burkhardt v. Burkhardt, 36 Ohio St. 261, are simply to the effect that the *376 deed is not conclusive as to the consideration paid or agreed to bo paid by the purchaser.
The only question that remains, is whether a recovery can be had by the plaintiff upon the terms of the deed itself. There is no express covenant in the deed that the land conveyed contains any definite number of acres. The designation of the number of acres is in connection with, and as a part of, the description of the land conveyed. If, at the execution of the deed, the intention of the parties had been that a definite number of acres should be assured to the vendee, the proper way would have been, and it would have been as easy as. proper, to incorporate a covenant in the deed to that effect. It would have been as easy to do so as to covenant that it is free from incumbrances. No such covenant as to quantity, having been inserted in the deed, no recovery can be had upon the deed itself for any deficiency in the number of acres in the tract conveyed by it. Powell v. Clark, 5 Mass. 355; Perkins v. Webster, 2 N. H. 287; Large v. Penn, 6 Serg. & Rawle, 488; Williams v. Hathaway, 19 Pick. 387; Kreitcr v. Bomberger, 82 Pa. St. 59; Beall v. Berkhalter, 26 Geo. 564. And it may be said in this case, as was said by Justice Sharswood, in the case of Kreiter v. Bomberger: “ The vendee threw out no anchor to windward as to quantity as he did as to title by his covenant of general warranty, If within any period short of' six years from the time of the transaction, a contract of purchase and sale, fully executed by delivery of the deed and payment of the purchase-money, can be overhauled and materially changed, very disastrous consequences will ensue not only to-vendors called upon to refund what they had every reason to believe was their own, and had a right to deal with accordingly, but to the public at large, by sowing the seeds of an abundant crop of lawsuits.”
There is no doubt but that, in an action by the vendee for relief against mistake in the transaction, or fraud practiced by the vendor, any considerable deficiency would be entitled to consideration as tending to show either that a fraud had been practiced, or that a mistake had intervened. But, as before *377 shown, no such complexion has been given to this action either by the averments of the petition or the proof introduced on the trial.

Judgment affirmed.