F. A. RINGLER COMPANY, Plaintiff, *v.* EDWARD F. FLAMMER and Others, Defendants.

Supreme Court, Essex County, July 26, 1932.

*Albert J. Appell* [*Beecher S. Clother* of counsel], for the plaintiff.

*Edward F. Flammer,* attorney in *pro per.*

*Wickes & Wickes,* for the defendants Kruger.

Rogers, J.    This is an action to foreclose a real estate mortgage given by the defendants Flammer to the plaintiff.    The description of the mortgaged premises is as follows: " Situate in the township of Elizabethtown, County of Essex, State of New York, on what is known as the back road to Lewis, being property formerly known as Matthew Hill, Lobdel Silver Cascade and Wrisley Farm with five dwellings and two barns thereon, entire property comprising more than three hundred acres and now known as ' Singing Waters.' "

Defendant Flammer acquired several parcels of land in 1919 and 1920 which are concededly covered by the mortgage description. The dispute is whether his undivided one-half interest in a parcel which he purchased with the defendant Kruger in 1919 is also within the mortgage description.

The intent of the parties, in so far as the third interested party, the defendant Kruger, is concerned, must be gathered from the language of the instrument.    Extraneous facts should be considered only to explain the various descriptive terms contained in the mortgage.

In ascertaining the property conveyed consideration should be given to the following descriptive features:

(1) The township mentioned;

(2) Properties known as " Matthew Hill, Lobdell Silver Cascade and Wrisley Farm; "

(3) The number of dwellings and barns on the various parcels;

(4) The acreage;

(5) Property known as " Singing Waters; "

(6) The character of the property and the extent of sole ownership therein.

All of the lands involved are " on the back road to Lewis," so these words are not specifically identifying.    In considering the descriptive features that are in conflict the particular controls the

general and those of narrow meaning outweigh others of broader significance.

The Matthew Hill and Lobdel Silver Cascade properties (parcels A and B on the map) are well identified and concededly within the mortgage description. They were purchased in 1918 for a summer home. In the spring of 1919 Mrs. Flammer named these parcels " Singing Waters." They alone adjoin the Silver Cascade brook and properly bear the appellation. Singing Waters included only the lands on the west side of the road and adjoining the brook. Wrisley farm and Wood Hill, by which parcel D was known, were not a part of " Singing Waters." Wrisley farm first became a part of Singing Waters when Flammer included it, as such, in the mortgage description. Singing Waters, being a privately given name, must be construed as meaning that which its denominator intended, unless modified by its use, until the time the mortgage was given, when Flammer extended its meaning to include the Wrisley farm. So, at the time the description in the mortgage was written, the name included the Flammer summer home property situated along the brook and also the Wrisley farm, but did not include parcel D, owned by Flammer and Kruger jointly. Singing Waters limits the description to the three specifically · named properties, Matthew Hill, Lobdel Silver Cascade and Wrisley farm and is synonymous with them. The Lobdels at one time owned most of the lands involved. They conveyed separate parcels at different times to different grantees. Therefore, the name Lobdel, used with the name Silver Cascade in denominating one of the properties originally purchased by Flammer, cannot be given such broad significance as to include parcel D, which was also at one time owned by the Lobdel family. Parcel D was well known by the name " Wood Hill."

Parcel D is partly in the town of Elizabethtown and partly in the town of Lewis, whereas the mortgaged premises are described as being located in the town of Elizabethtown. All of the lands are so near the town line that this fact has only slight significance.

The Flammer properties, excluding parcel D, have five dwellings and two barns thereon, provided a garage building with living quarters on the second floor and a one and one-half story twenty by twenty cottage used to house the help may be considered as dwellings. There is no precise legal definition of the word " dwelling." It means here that which a mortgagor and mortgagee would have in mind in describing the erections upon the property, which they intended to be covered by the mortgage. In such connection it means a place where a person may live and eat and sleep and keep his belongings, as distinguished from other buildings upon a

country estate which are used to house animals, tools or equipment. There are two houses on parcel D, but the number of dwellings is mentioned as being on the A, B and C properties and not on parcel D. The language is, " being property formerly known as Matthew Hill, Lobdel Silver Cascade and Wrisley Farm with five dwellings and two barns *thereon*." It seems very clear, therefore, that if parcel D was intended to be mortgaged the number of dwellings mentioned in the description would have been seven and Wood Hill would have been named as one of the properties upon which the dwellings were located.

The summation of acreage in the words " entire property comprising more than three hundred acres," when read with the whole description, is not conclusive evidence that requires the inclusion of parcel D. The total acreage is 266. Excluding parcel D it is 160. Three hundred acres being less accurate if parcel D is not included constitutes some evidence that parcel D is embraced by the description, but in view of the other more particular features of the description it is not controlling.

" Undoubtedly, effect should be given, if practicable, to every part of the description. Still, if some part is inapplicable or untrue, and enough remains to show what was intended, the deed must be upheld. The false or mistaken part should be rejected, and when that happens to be a mere statement of the quantity, it will be done without the least hesitation." (*Hathaway* v. *Power*, 6 Hill, 453; *Mann* v. *Pearson*, 2 Jchns. 37; *Roat* v. *Puff*, 3 Barb. 353; Gerard Real Prop. [6th ed.] § 1218; Reeves Real Prop. [2d ed.] § 1134.)

It is significant that the mortgage purports to convey an entire interest and not an undivided one-half interest in any parcel. The mortgagor also warrants the title. An examiner of the records, therefore, would be put on notice that the only property conveyed was such as the grantor had sole ownership in. This notice is emphasized by the absence in the mortgage of any words purporting to convey *all* Flammer's real estate at Elizabethtown. The defendant Kruger, in accepting the deed from Flammer of his half interest in parcel D, could rightfully rely on the records in the recording office and upon the meaning of the names contained in the mortgage description to establish that parcel D was not covered by the mortgage.

The plaintiff should have judgment of foreclosure of the property, excluding parcel D. The defendants Kruger are entitled to costs against the plaintiff. Decision and judgment accordingly.